## 23423.   CARSTARPHEN v. DAYTON.

SUBMITTED APRIL 11, 1966—DECIDED MAY 5, 1966.

*Burt & Burt, Donald D. Rentz, H. P. Burt,* for appellant.

*John M. Beauchamp, Beauchamp & Wingate,* for appellee.

GRICE, Justice.   The dismissal, upon oral motion, of a petition in the nature of habeas corpus brings about this appeal.

The petition was filed in the Superior Court of Dougherty County by Mrs. T. J. Carstarphen, against her daughter Mrs. Mary Joyce Dayton, the mother of the children whose custody was sought.   It alleged that the mother was not entitled to their continued custody because of her moral unfitness, cruelty to them, neglect of them, and "mental and physiological unfitness" to rear them.   The superior court's order dismissing such petition recited that the juvenile court of that county had previously assumed jurisdiction of the subject matter by virtue of a petition filed in that court by the Dougherty County Department of Family and Children Services, and that the juvenile court had retained jurisdiction of the subject matter.

The retention of jurisdiction by the juvenile court, referred to above, is shown by an order of that court which recited that upon a hearing it appeared there was not sufficient evidence to warrant removal of the children from the mother's home, but the court should supervise that home; and ordered that the children be given a physical examination, that the mother conduct the home in a proper and fitting manner for young children, that no brutal punishment be given them, that they remain in that county until further order of the court, and that such order remain in full force and effect until revised or rescinded by the court.

Since the juvenile court first assumed jurisdiction of the subject matter and expressly retained jurisdiction, in accordance with *Code Ann. Ch.* 24-24, we agree that the superior court should not determine the issues raised in the habeas corpus petition relating to the same subject matter.

Yet, the petitioner in the superior court habeas corpus case, who is not a party to the juvenile court case, is entitled to an opportunity to establish the allegations she makes in seeking custody of the children. Therefore, her petition should not be dismissed.

Under these circumstances it is our view that the superior court habeas corpus case should be transferred to the juvenile court. See *Code Ann.* §§ 24-2408(5) and 24-2409(2). With both branches of the litigation thus before it, the juvenile court can take whatever action is warranted under the evidence, in the light of the broad provisions of *Code Ann.* §§ 24-2421 through 24-2427. This disposition, which we direct, should provide an orderly determination of the litigation and at the same time protect the rights and interests of all concerned.

*Judgment reversed with direction. All the Justices concur.*