## DOZIER *v.* DOZIER *et al.*

No. 14193. JULY 15, 1942.

*H. W. McLarty,* for plaintiff.

*Robert T. Efurd, Noah J. Stone, Ralph H. Pharr, E. H. Sheats,* and *W. S. Northcutt,* for defendants.

REID, Chief Justice. The bill of exceptions of Mrs. Dozier brings up for review an order, entered upon interlocutory hearing, dissolving previously granted restraining orders and denying prayer for interlocutory injunction. The only record specified and brought up consists of the petition as amended, the defendant's answer, an affidavit signed by the plaintiff "filed and considered by the court in rendering judgment," together with the judgment excepted to. There is no brief of evidence specified or referred to in the exceptions. The copy of the affidavit mentioned as it appears in the record bears notation signed by the judge as follows: "Considered as part of evidence." What other evidence may have been before the court is not made to appear by recital or otherwise. "Where a bill of exceptions shows on its face that the evidence material to a consideration of the errors complained of is not lawfully before this court in such manner that it can be considered, and the only questions made by the assignments of error necessarily involve a consideration of the evidence, this court can not adjudicate that any error was committed or that there should be any judgment of reversal." *Roberts* v. *Cairo,* 133 *Ga.* 642 (4) (66 S. E. 938). A recent application of this rule was made and a judgment of affirm-

ance entered in *McElveen* v. *O'Kelly,* 193 *Ga.* 824 (20 S. E. 2d, 69). For a collection of authorities as touching the requirement for a brief of evidence in differing situations see *Boston Insurance Co.* v. *Harmon,* 66 *Ga. App.* 383 (18 S. E. 2d, 84). The basis of the rule announced is that where evidence is heard, it can not be ascertained whether error was committed in rendering the judgment based upon it, unless it can be examined, the presumption being that the judgment was valid, being based on some evidence to support it. The rule must be applied in this case.

*Judgment affirmed. All the Justices concur.*