## PONDER v. PONDER.

JENKINS, Presiding Justice. 1. It is the general rule that, where two courts have concurrent jurisdiction over a subject-matter and the parties, the court first taking jurisdiction will retain it unless some good reason be shown for equitable interference. Code, § 37-122; *Morrison* v. *McFarland*, 147 *Ga.* 465 (2) (94 S. E. 569). While the ordinary and the judge of the superior court have equal and concurrent jurisdiction in determining the custody of the children of husband and wife living in a state of separation so far as habeas-corpus proceedings may be resorted to, it is only the judge of the superior court who has jurisdiction of such subject-matter when related to a suit for divorce, and the judge of that court who, after a habeas-corpus proceeding before the ordinary, acquires jurisdiction of the subject-matter in a divorce proceeding, may properly enjoin further progress of the former proceeding before the ordinary, in order that all questions raised by the divorce suit may be considered together. *Duke* v. *Duke*, 181 *Ga.* 21 (181 S. E. 161).

2. In awarding the custody of the children, as related to a divorce action, it is furthermore true that, even though a previous judgment may have been rendered in a habeas-corpus proceeding, the judge of the superior court is vested by the Code, § 30-127, with plenary powers, and "shall not be hampered by any former decree or judgment in a habeas-corpus case." *Zachry* v. *Zachry*, 140 *Ga.* 479 (79 S. E. 115); *Duke* v. *Duke*, supra. Accordingly, where, after the custody of a child has been awarded to the mother in a habeas-corpus proceeding before the ordinary, she thereafter brings suit for divorce, and in her petition asks, as a part of that proceeding, that the custody of the child be awarded to her, and where in that proceeding a divorce is granted to her, the judge of the superior court which grants the divorce has plenary powers over the custody of such child (*Black* v. *Black*, 165 *Ga.* 243 (4), 140 S. E. 364), and may in the exercise of a sound discretion make an award thereof, under the authority conferred by the Code, § 30-127, independently of, and unfettered by, any prior judgment or award under the habeas-corpus proceeding.

3. The judge of the superior court granting the divorce is not only vested with such plenary authority in awarding custody of the child under the Code, § 30-127, but has continuing jurisdiction over that subject-matter, in the event it should later be made to appear that there has been a subsequent change of circumstances materially affecting the welfare of the child. *Sells* v. *Sells*, 172 *Ga.* 911 (159 S. E. 237); *Kniep-*

*kamp* v. *Richards*, 192 *Ga.* 509, 510 (6 a) (16 S. E. 2d, 24); *Fortson* v. *Fortson*, 195 *Ga.* 750 (2), 757⁴ (25 S. E. 2d, 518); 27 C. J. ·S. 1162, § 303. Whether or not, for the purpose of enforcing certain mandates imposed upon the one awarded the custody of the child, the court could by order retain jurisdiction of the case for the purpose of altering its award under the same state of facts as existed at the time the award was made, has been left an open question. *Girtman* v. *Girtman*, 191 *Ga.* 173, 179 (11 S. E. 2d, 782).

(*a*) The writer, speaking for himself only, is of the opinion that such jurisdiction not only continues in the judge of the superior court, but that his jurisdiction ought to be, and therefore is, exclusive, and his judgment should not in effect be subsequently modified by another court; and that the only proper recourse to a habeas-corpus proceeding would be to *enforce* an outstanding judgment of the superior-court judge which has been violated. In other words, another court should not be permitted in effect to modify a judgment which it was powerless to render in the first instance. But see, in this connection, *Williams* v. *Crosby*, 118 *Ga.* 296 (45 S. E. 282).

4. The judge of the superior court which has granted the divorce thus having continuing jurisdiction by virtue of the divorce proceeding, it is furthermore the rule that, even though he may not have disposed of the question of custody at the time the divorce decree was entered, he can nevertheless, in the exercise of his plenary powers as judge of the court which granted the divorce, thereafter, upon application of one of the parties, and upon proper notice to the other party, adjudicate the proper custody of the children, and in doing so would have jurisdiction over the parties to the divorce suit, and would be unhampered by any judgment obtained in a prior habeas-corpus proceeding. The wife's petition asked for two things: a divorce, which would have to be granted by a jury; and the custody of the child, which would have to be awarded by the court. The two prayers together constitute the relief sought. The granting of the divorce under the verdict of the jury did not dispose of the pending petition for the custody of the child. This appears to be the general and practically universal rule. See 27 C. J. S. 1165, § 306. Especially would this be true, where, as here, at the time the divorce decree was rendered, the judge announced in open court that the matter of awarding the custody of the child would be determined later. Of course, if the award was not made in connection with and as a part of the divorce proceeding, but in an ordinary habeas-corpus proceeding, the rule would be otherwise, and the doctrine of res judicata would apply, unless the conditions under which the former judgment was rendered are shown to have changed. See *Crowell* v. *Crowell*, 191 *Ga.* 36 (11 S. E. 2d, 190).

5. Under the foregoing rulings, the judge of the superior court which had granted the divorce did not abuse his discretion, given under the Code, § 30-127, in subsequently awarding the custody of the child to the father. *Judgment affirmed: All the Justices concur.*

GRICE, Justice, concurring specially, for the reason that the judge trying the original divorce case did not then and there award custody and

control of the minor, because of an agreement that the award of such custody and control be held in abeyance until a later date.

No. 15042. JANUARY 6, 1945.

786

L. C. *Underwood* and *John P. Rabun,* for plaintiff in error.
B. D. *Dubberly,* contra.