## 18639. ROWELL *v.* ROWELL.

**128**

ARGUED JULY 13, 1954—DECIDED SEPTEMBER 13, 1954—
REHEARING DENIED OCTOBER 14, 1954.

*Wm. Schley Howard, Jr., Carl T. Hudgins,* for plaintiff in error.

*Robert W. Cagle, Whaley & Cagle,* contra.

ALMAND, Justice. Annie Crawford Rowell filed a petition against William A. Rowell, praying for the award of a total divorce, alimony, and custody of the minor child of the parties. Temporary custody was awarded to the father, and on October 27, 1953, the jury returned a verdict in favor of the plaintiff and awarding her permanent alimony for the support of the child. The court on the same date entered a decree granting the plaintiff a divorce on her petition and permanent alimony for the support of the child. As to the custody of the child, determination of this question was reserved by the court in the decree until a later date. On February 22, 1954, the plaintiff filed a petition praying that the court fix the permanent custody of the child. To this petition the defendant filed a general demurrer, a plea to the jurisdiction, and a response. On the hearing of this petition the court overruled the demurrer and the plea to the jurisdiction, and after hearing evidence awarded the permanent custody of the child to the plaintiff. The defendant in his bill of exceptions assigns error on all of these orders.

■ The defendant by his general demurrer contends that the court was without jurisdiction to make the award of permanent custody of the child, for the reason that the divorce decree in the case, in which the question of custody was involved, had become final, and the court was without power, at a subsequent term, to make an award of custody without showing a change of condition subsequent to the decree in the divorce case. This contention is without merit. The judge of the superior court which has granted a divorce between the parties has jurisdiction, by virtue of the divorce proceedings, to make an award of permanent custody of the minor child, though he may not have disposed of the question of custody at the time the divorce decree was entered. He has authority to exercise the plenary

power of the judge of the court which granted the divorce, to reserve in the decree the matter of adjudicating the custody of the child, and, upon proper notice to the other party, at a date even subsequent to the term of court at which the divorce was granted, to adjudicate the question of permanent custody of the child. *Ponder v. Ponder*, 198 *Ga.* 781 (4) (32 S. E. 2d 801).

■ The plea to the jurisdiction asserts that at the time of the hearing, on the application of the plaintiff to have the custody of the minor child awarded to her, she, the defendant, and the child, were residing in Fulton County, and that the Judge of DeKalb Superior Court had no jurisdiction over the parties. The court properly sustained the plaintiff's demurrer to this plea, for the reason that the court had jurisdiction over the parties. At the time the divorce decree was entered, and under the reservation made by the judge in the divorce decree, his jurisdiction on the question of custody of the minor child continued until the matter was finally disposed of. The decree, on the question of custody, did not become final until the court entered its order awarding the child to the plaintiff.

■ During the hearing on the question of the custody of the minor child, the judge informed counsel for both parties that he would like to talk to the child, a minor 9 years of age, "to ascertain its feeling with respect to its mother and father, and to say something, if possible, to the child whereby his love for both, irrespective of the award of custody today might be maintained." This objection was overruled, and the judge had a private talk with the child. It does not appear from the record what took place between the judge and the child. The defendant assigns error on this action of the judge, on the ground that he was deprived of the right of having the child examined in open court in the presence of the parties and their counsel.

The order of the judge awarding the child to the mother recites that the award was made "after hearing evidence, argument of counsel and [submission] of authorities." The order does not show that the court was moved to enter it by reason of any conversation he had with the child.

Though the bill of exceptions and order of the court recite that evidence was heard by the court before making the award, the evidence introduced on the hearing is not before us, there

■

being no brief of evidence either contained in the bill of exceptions or transmitted as a part of the transcript of the record. Therefore, the merit of this objection cannot be decided, since it would require a consideration of the evidence. Where a bill of exceptions and transcript of the record show that the evidence material to a consideration of the errors complained of is not before this court, and where the only question made by the assignments of error necessarily involves a consideration of the evidence, this court cannot adjudicate that any error was or was not committed. *Dozier* v. *Dozier,* 194 *Ga.* 268 (21 S. E. 2d 655) ; *Huguley* v. *Huguley,* 204 *Ga.* 692 (4) (51 S. E. 2d 445). In proceedings in which the court is both judge and jury, "it must be presumed that the judge has sifted the wheat from the chaff and selected the legal testimony from that which is illegal and incompetent. This presumption prevails unless from the judgment itself it appears that consideration has been given to testimony which should have been excluded." *Bailey* v. *Holmes,* 163 *Ga.* 272, 275 (136 S. E. 60). The evidence not being before us, it cannot be said that the judge abused his discretion in awarding the child to the plaintiff.

*Judgment affirmed. All the Justices concur except Duckworth, C. J., and Hawkins, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. I dissent because I think it was reversible error for the judge in private, in the absence of the parties or their counsel, to talk with the minor child. See *Sheppard* v. *Sheppard,* 208 *Ga.* 422 (3) (67 S. E. 2d 131). I am authorized to say that Hawkins, Justice, concurs in this dissent.