19055. GOODLOE *v.* GOODLOE.

A<small>RGUED</small> S<small>EPTEMBER</small> 15, 1955—D<small>ECIDED</small> O<small>CTOBER</small> 13, 1955.

896

*G. B. Cowart*, for plaintiff in error.

*James A. Branch, Thomas B. Branch, Jr.,* contra.

MOBLEY, Justice. The sole question for determination is whether, under the allegations of the petition, the Superior Court of Fulton County has jurisdiction as to the custody of the child, Susan Davis Goodloe, and as to revision of the amount of alimony that the husband is required to pay.

"It is well settled in Georgia that the award of custody in divorce proceedings is conclusive between the parties, as to the right of custody, unless a change of circumstances affecting the interest and welfare of the children is shown. And a decree of divorce awarding custody of a minor child is a final judgment on facts then existing. Thereafter proceedings relating to the custody of the minor child, against the person awarded custody by the divorce court, must be brought in the county of such person's residence. *Danziger* v. *Shoob*, 203 *Ga.* 623 (48 S. E. 2d 92); *Brinson* v. *Jenkins*, 207 *Ga.* 218 (60 S. E. 2d 440)." *Gibbs* v. *North*, 211 *Ga.* 231 (2) (84 S. E. 2d 833).

It is contended in this case that—since the judgment awarding custody of the children was based upon an agreement between the parties, which provided that the trial court should retain jurisdiction as to custody of the minor children—the award of custody was not a final judgment, and the defendant in error relies upon the cases in which it has been held that the court entering a judgment awarding alimony, which is based upon an agreement of the parties providing that the court retains jurisdiction for the purpose of modifying the award of alimony upon a sufficient showing, does retain jurisdiction of the case for that purpose. *Hardy* v. *Pennington*, 187 *Ga.* 523 (1 S. E. 2d 667); *Chandler* v. *Chandler*, 204 *Ga.* 40 (48 S. E. 2d 841); *Breen* v. *Breen*, 208 *Ga.* 767 (69 S. E. 2d 572).

That ruling has not been extended to include judgments awarding custody of minor children based upon an agreement between

the parties, providing that the court shall retain jurisdiction of the question of custody of the minor children. This court has many times held that an order awarding custody of a minor child following the grant of a divorce is final, and the use of such words as "subject to the further order of court" does not deprive it of its conclusiveness. *Fuller* v. *Fuller*, 197 *Ga.* 719 (30 S. E. 2d 600).

In *Burton* v. *Furcron*, 207 *Ga.* 637 (63 S. E. 2d 650), a unanimous decision of this court which has been followed in *Hanson* v. *Stegall*, 208 *Ga.* 403 (67 S. E. 2d 109); *Stout* v. *Pate*, 209 *Ga.* 786 (75 S. E. 2d 748); *McAfee* v. *Martin*, 211 *Ga.* 14 (83 S. E. 2d 605); *Gibbs* v. *North*, 211 *Ga.* 231 (supra), this court held: "Where children are involved in the granting of a divorce decree, it is the duty of the trial judge to award their custody. Where by decree an award is made asserting it to be 'for the present,' with a further provision that 'this court retains jurisdiction for the purpose of determining permanent custody of the children,' such will not divest the award of its finality, nor retain exclusive jurisdiction over their custody where a change of condition affecting their welfare occurs."

The agreement of the parties for the court to retain jurisdiction of the question of custody, which became the judgment of the court, is no more than the judgment of the court. There is no difference in a judgment which recites that "this court retains jurisdiction for the purpose of determining permanent custody of the children," and a judgment which includes as a part of it an agreement between the parties providing that "Fulton Superior Court shall continue to have jurisdiction concerning said children and their custody during their minority." In each instance the judgment attempts to retain jurisdiction in the trial court.

The agreement would not confer jurisdiction upon Fulton Superior Court because jurisdiction of the subject matter of a suit cannot be conferred by consent, waiver, or be "based on an estoppel of a party to deny that it exists." *Langston* v. *Nash*, 192 *Ga.* 427, 429 (2) (15 S. E. 2d 481), and cases cited. Also see *Stallings* v. *Bass*, 204 *Ga.* 3 (48 S. E. 2d 822).

*Ponder* v. *Ponder*, 198 *Ga.* 781 (32 S. E. 2d 80), and *Rowell* v. *Rowell*, 211 *Ga.* 127 (84 S. E. 2d 23), relied upon by the defend-

ant in error, are not in point, because in each case the trial judge trying the original divorce action did not then and there award custody, but expressly held the matter in abeyance until a later date. There was no final judgment fixing custody.

In the recent case of *Holmes* v. *Holmes,* 211 *Ga.* 827 (89 S. E. 2d 194), it was said: "It appears from the record that the original decree awarding custody of the two minor children to the mother was based upon an agreement of the parties. This fact 'did not deprive it of the usual attribute of conclusiveness.' *Fortson* v. *Fortson,* [195 *Ga.* 750, 25 S. E. 2d 518]."

If there is no real distinction in the finality of a judgment based on an agreement fixing alimony and one fixing custody of children, the legislature (Ga. L. 1955, p. 630) has now taken care of the situation, as to alimony, by providing that a judgment awarding permanent alimony may be revised upon showing a change in income and financial status of the husband, bringing the law as to alimony in line with that as to change of custody of minor children upon a showing of change of conditions affecting the welfare of the children.

The fact that the decree awarding custody of the minor children was based upon an agreement of the parties, which provided that Fulton Superior Court should retain jurisdiction of the question of custody, did not deprive it of its finality or conclusiveness. The prayer for a change in alimony to be paid by the husband was predicated upon a change in custody of the minor child, Susan Davis Goodloe, from the mother to the father, and a ruling thereon is therefore not called for here.

Accordingly, the trial court erred in overruling the defendant's general demurrer, on the ground that the petition shows upon its face that the Superior Court of Fulton County is without jurisdiction in the matter, and that the defendant being a resident of Glynn County, Georgia, the superior court of that county, and not the Superior Court of Fulton County, has jurisdiction.

*Judgment reversed. All the Justices concur, except Almand, J., not participating.*