### 19147.   BROOME *v.* BROOME.

ARGUED NOVEMBER 14, 1955—DECIDED JANUARY 9, 1956.

*Cain & Smith,* for plaintiff in error.

*Gardner & Gardner,* contra.

WYATT, Presiding Justice. The judgment awarding custody of the children in question to the father contained the following provision: "The court reserves the right to make other or different orders with reference to the custody of said children after they reach school age." It is contended that this provision gives to the court the right to grant the prayers of the petition in this case.

This court has repeatedly held that the award of custody of minor children in a divorce proceeding is, as between the parties, final unless there is a change in condition affecting the welfare of the children. See *Sells* v. *Sells,* 172 *Ga.* 911 (159 S. E. 237); *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Girtman* v. *Girtman,* 191 *Ga.* 173, 179 (11 S. E. 2d 782); *Kniepkamp* v. *Richards,* 192 *Ga.* 509, 519 (16 S. E. 2d 24); and *Fortson* v. *Fortson,* 195 *Ga.* 750, 755 (25 S. E. 2d 518). This court has said that a provision in a decree awarding custody of children "until further order" does not prevent the decree from becoming final, and that in such case the custody of the children can not be changed except upon a change of condition affecting the welfare of the children. See *Scott* v. *Scott,* 154 *Ga.* 659 (115 S. E. 2); *Willingham* v. *Willingham,* 192 *Ga.* 405, 407 (15 S. E. 2d 514); and *Fuller* v. *Fuller.* 197 *Ga.* 719 (30 S. E. 2d 600). This court in *Barrentine* v. *Barrentine,* 210 *Ga.* 749 (82 S. E. 2d 857), after holding the award of custody of children in a divorce proceeding to be final on the then-existing facts, ordered the language, "the right to change custody of same without or with notice and with or without change of conditions," stricken from the decree. In *Burton* v. *Furcron,* 207 *Ga.* 637 (63 S. E. 2d 650), this court said: "Where children are involved in the granting of a divorce decree, it is the duty of the trial judge to award their custody.

Where by decree an award is made asserting it to be 'for the present', with a further provision that 'this court retains jurisdiction for the purpose of determining permanent custody of the children,' such will not divest the award of its finality, nor retain exclusive jurisdiction over their custody where a change of condition affecting their welfare occurs."

It is certainly now well-settled law in this State that a decree in a divorce proceeding which awards custody of minor children is final, and can not be changed or altered except upon a change in conditions affecting the welfare of the children. It is likewise true that a trial judge can not make temporary that which the law says is permanent, and any language contained in a judgment seeking to make temporary that which the law says is permanent has no effect. The language under consideration in the present case, to wit, "The court reserves the right to make other or different orders with reference to the custody of said children after they reach school age," is an attempt to make temporary that which the law says shall be permanent, and therefore is without effect. We hold that, notwithstanding this language, the judgment awarding the children was a final judgment and can be changed only upon showing a change in condition affecting the welfare of the children.

This brings us to a consideration of whether or not the petition in this case alleges a change in condition which affects the welfare of the children. It is alleged in substance that the plaintiff is in position to care for the children, which is, of course, a mere conclusion; that she is earning $20 per week, and her relatives will help her support the children; that the children are of tender age; that the mother is more competent than anyone else to look after the children; and that two of the children are now of school age. A mere reading of these contentions discloses that there are no allegations of any change in conditions that would affect the welfare of the children so as to authorize a change in their custody.

From what has been said above, the judgment complained of was error.

*Judgment reversed. All the Justices concur.*