19489. YOUNG *v.* PEARCE.

MOBLEY, Justice. 1. "This court has many times held that an order awarding custody of a minor child following the grant of a divorce is final, and the use of such words as 'subject to the further order of court' does not deprive it of its conclusiveness. *Fuller* v. *Fuller*, 197 *Ga.* 719 (30 S. E. 2d 600)." *Goodloe* v. *Goodloe*, 211 *Ga.* 894, 897 (89 S. E. 2d 654).

2. "The agreement of the parties for the court to retain jurisdiction of the question of custody, which became the judgment of the court, is no more than the judgment of the court." *Goodloe* v. *Goodloe*, supra.

3. Where a divorce decree is entered, granting the parties a divorce, and the court enters an award granting custody of a minor child to the paternal grandmother, the award of custody being based upon an agreement between the child's parents which was made the judgment of the court, the order fixing custody is a final judgment and is conclusive between the parents upon the facts then existing. The award is not deprived of its finality because the agreement, in addition to providing that custody should be granted to the grandmother, provided that, in the event a divorce was granted, such divorce judgment should not affect the rights of either parent to said child. "Where children are involved in the granting of a divorce decree, it is the duty of the trial judge to award their custody. Where by decree an award is made asserting it to be 'for the present,' with a further provision that 'this court retains jurisdiction for the purpose of determining permanent custody of the children,' such will not divest the award of its finality." *Burton* v. *Furcron*, 207 *Ga.* 637 (63 S. E. 2d 650).

4. Where the trial court awarded custody of a minor child to the grandmother at the time of the grant of a divorce to the parents, such an award fixed the legal right to the custody of the child in the grandmother. That award is res judicata on the facts then existing, and thereafter the trial court may exercise a discretion as to who should have custody of the child only so far as there are new and material conditions and circumstances which substantially affect the interest and welfare of the child. *Willingham* v. *Willingham*, 192 *Ga.* 405, 406 (15 S. E. 2d 514). The undisputed evidence in this case shows that the grandmother is a fit and proper person to have custody of the child, and that the child is being well provided for, is being sent to school and to church, and is being reared under excellent physical and moral conditions. The evidence offered by the mother was to the effect that she is in better condition to take care of the child now than when custody was originally awarded,

and that she and her husband are financially and otherwise capable of taking care of the child. These facts do not show a change in conditions and circumstances materially affecting the interest and welfare of the child, and there was no error in denying the prayers of the petition. *Shields* v. *Bodenhamer,* 180 *Ga.* 122 (178 S. E. 294); *Carney* v. *Franklin,* 207 *Ga.* 39 (2) (59 S. E. 2d 909), and cits.; *Broome* v. *Broome,* 212 *Ga.* 132, 134 (91 S. E. 2d 18).

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED OCTOBER 8, 1956—DECIDED NOVEMBER 17, 1956.

*Lippitt & Lippitt,* for plaintiff in error.

*S. P. Cain, Cain & Smith,* contra.