20491. SLATER *v.* SLATER.

HAWKINS, Justice. This was a divorce and alimony case, involving also the custody of minor children and their support, brought in the Superior Court of Fulton County, wherein the judge of that court entered an order transferring to the Juvenile Court of Fulton County the questions of custody and support of the minor children involved. When the matter came on for hearing in the juvenile court, it was stipulated by the parties: "That the court could use the investigation

made by officers of the Fulton County Juvenile Court as the court saw fit in determining this case, even though neither of the parties nor their attorneys had seen the investigation report and knew nothing about it." The juvenile court, after a lengthy hearing, the brief of evidence containing 607 pages, entered two orders: one taking custody of the children into the court for suitable placement, and providing that the father and mother each pay into the court $100 per month for the support of the minor children, said money to be disbursed to whoever has physical custody of the children (Code, Ann., §§ 24-2401 (2), 24-2426); and the other order providing that the children be temporarily placed in the home of the paternal grandparents, there to remain subject to the supervision and direction of an officer of the court, until further order, and subject to further placement whenever it appears to be for the best interest and future welfare of the children, with the right in the mother to have the children visit her home on the first and third week end of each month. To these judgments of the juvenile court the wife and mother excepts only upon the grounds that the judgments rendered are contrary to law and contrary to the evidence. *Held:*

There is no exception to the order passed by the judge of the superior court during the pendency of the divorce and alimony proceeding, and before final decree therein, transferring to the juvenile court for investigation and determination the question of the custody of the minor children and their support, and there is no attack made on the constitutionality or validity of the Juvenile Court Act (Ga. L. 1951, p. 291 et seq.; Ga. L. 1953, Jan.-Feb. Sess., p. 352; Ga. L. 1953, Nov.-Dec. Sess., p. 87; Ga. L. 1955, p. 581, p. 610; Ga. L. 1956, p. 69, p. 527, p. 603, p. 799; Ga. L. 1957, p. 307, p. 617; Ga. L. 1958, p. 395; Code, Ann., Chapter 24-24), and no question raised as to the jurisdiction of that court. The judgment of that court is not contrary to law, as the Juvenile Court Act as amended authorizes the judge thereof to do all that was done by him in this case, and the judgment is not contrary to the evidence, or without evidence to support it. See, in this connection, *Owens* v. *Owens,* 191 *Ga.* 568 (13 S. E. 2d 348); *Matthews* v. *Matthews,* 213 *Ga.* 87 (97 S. E. 2d 158); *Sturkie* v. *Skinner,* 214 *Ga.* 264 (104 S. E. 2d 417).

*Judgment affirmed. All the Justices concur.*

Argued May 12, 1959—Decided June 5, 1959.

*T. J. Long, Ben Weinberg, Jr., James M. Roberts,* for plaintiff in error.

*Houston White, Beryl H. Weiner,* contra.