20941. SLATER v. SLATER.

Argued June 14, 1960—Decided July 7, 1960—Motion for rehearing dismissed July 19, 1960.

244

*Houston White, Beryl H. Weiner,* for plaintiff in error.
*Wilson Brooks, Osgood O. Williams,* contra.

DUCKWORTH, Chief Justice. We find it unnecessary to discuss the decree entered in the divorce case, the attempt therein to retain jurisdiction, the consent of the parties thereto, and the voluminous citations of authorities touching those questions, for, in virtue of the authority therefor found in Georgia Laws 1951, pp. 291, 297; Georgia Laws 1953, Nov. Sess., pp. 87, 89; and Georgia Laws 1956, p. 603 (Code, Ann., § 24-2408), Judge Alverson issued an order in this case, dated November 14, 1958,

which provided in part that "the question of temporary and permanent custody and support of said minor children be and is hereby referred to the Juvenile Court for *investigation and final determination.*" (Italics ours.)   Pursuant to this order, the Juvenile Court of Fulton County on January 22, 1959, entered an order requiring the parents to contribute to the support of the children, taking custody of the children, and providing that the matter be reviewed by this court in 12 months, and reserving the right to make such further placement as the court deems wise. This judgment was affirmed in *Slater v. Slater,* 215 Ga. 161 (109 S. E. 2d 521).   Now it is sought by the present proceedings to circumvent the judgments of both the Juvenile Court and the Supreme Court by having the judge, who transferred the matter as above shown, to usurp the jurisdiction he voluntarily conferred upon that court and by fiat retake jurisdiction after final decree in the divorce case. "A court, having obtained jurisdiction, retains it until the final disposition of the cause." 21 C. J. S. 147, § 94. If the Juvenile Court is made to perform its work under the constant threat that whatever it is doing in a case, where it had been given full jurisdiction, it may without notice be abruptly stopped by an order of a superior court judge taking jurisdiction, its efficiency and dignity would be seriously impaired.   We know of no law that authorizes a superior court judge to issue such an order or to otherwise interfere with the Juvenile Court in such a case, and counsel have cited no such law.

While the Superior Court could have retained the jurisdiction to award custody of the minors which it had in virtue of the divorce case, yet when by proper order it vested the Juvenile Court with jurisdiction of the custody case, the Juvenile Court thereby and thereupon acquired jurisdiction, which was as full and complete and exclusive as the Superior Court had before such order.   It is that order, and not the divorce decree, that took away from the Superior Court jurisdiction of the custody case.   It had no jurisdiction thereof to retain in the divorce decree, and the attempt to do so is a mere nullity.

Therefore, the court being clearly without jurisdiction, it was error to overrule the demurrer and refuse to dismiss the amend-

ed petition. This ruling makes it unnecessary to review any other ruling made by the lower court.

*Judgment reversed. All the Justices concur.*