## 24395. PITTS v. PITTS.

FRANKUM, Justice. Under the provisions of the Juvenile Court Act, as amended (codified in *Code Ann.* Ch. 24-24) the judge of a superior court wherein a divorce case is pending involving custody of a child or children may transfer the question of the determination of custody and support to the juvenile court having jurisdiction under that Act for investigation and report or for investigation and final determination. Once such a case is transferred to the juvenile court the proceedings therein shall be in the same manner as though the action had originated in the juvenile court under the Juvenile Court

Act. Under that law the juvenile court may retain jurisdiction of any child under 17 years of age until he reaches the age of 21. *Code Ann.* §§ 24-2408 and 24-2409. Accordingly, where, as in this case, the Judge of the Superior Court of Muscogee County transferred to the juvenile court of that county, for investigation and final determination, the question of custody and support of the minor children of the parties to a divorce case then pending in the superior court, and where the judge of the juvenile court took jurisdiction of that question and determined the fitness of the respective parents to have custody of the children involved and, upon the determination of that question awarded custody to the mother, and by the express terms of his order retained jurisdiction of the children by providing therein that the continuation of custody in the mother should be conditioned upon the compliance by the mother with certain conditions set forth in the order, and that upon her failure to comply with those conditions "this court can have the custody of the children removed from her *at any time*" (emphasis supplied), and where he further expressly provided therein that "This court retains jurisdiction of these children and may re-open this case at any time for cause," it was error for the Judge of the Superior Court of Muscogee County, to entertain a petition in the nature of a habeas corpus, (filed by the father of the children after the termination of the divorce action) seeking a change in the custody of the children on account of alleged changes in conditions in the home maintained by the mother and on account of alleged violations of the expressed conditions of the order of the judge of the juvenile court, and the judge of the superior court erred in undertaking to decide the questions raised thereby, but he should have transferred the same to the judge of the juvenile court whose jurisdiction over the subject matter of the litigation, to wit: the welfare of the children involved, and the fitness of the mother to continue to have their custody was expressly retained by the terms of his order awarding her custody of the children in the first instance. *Slater v. Slater,* 216 Ga. 242 (115 SE2d 353); *Carstarphen v. Dayton,* 222 Ga. 138 (149 SE2d 103). Direction is therefore given that the Judge of the Superior Court of Muscogee County transfer the entire proceeding herein to the Juvenile Court of Muscogee County, so that court may take

whatever action is warranted in the light of the broad provisions of *Code Ann.* §§ 24-2421 through 24-2427.

*Judgment reversed with direction. All the Justices concur.*

ARGUED DECEMBER 11, 1967—DECIDED JANUARY 4, 1968—
REHEARING DENIED JANUARY 18, 1968.

*Roberts & Thornton, Jack M. Thornton,* for appellant.
*Marilyn W. Carney,* for appellee.