26082. TALLANT v. TALLANT.

ARGUED OCTOBER 13, 1970—DECIDED DECEMBER 3, 1970.

*Adams, O'Neal, Steele, Thornton, Hemingway & McKenney, Kice H. Stone,* for appellant.

*Mullis & Brown, Gerald S. Mullis,* for appellee.

FELTON, Justice, ■ The allegations of the complaint, together with the attached affidavit, were sufficient to authorize the trial judge's grant of the order that the service be made by the publication of summons, as authorized by the provisions of *Code Ann.* § 81A-104 (e) (1) (i) (Ga. L. 1966, pp. 609, 610; as amended, Ga. L. 1969, p. 487). It appears that the appellee was diligent in amending his prayer for process when he was able to discover appellant's whereabouts and that service had been perfected to the satisfaction of the court before the final decree was entered. Appellee alleges that appellant was either "residing or temporarily sojourning" in Columbus and such uncertainty is explainable by the fact that, within a short period of time, appellant had been in their home in Macon, then gone to Las Vegas, then to Columbus. The record, therefore, does not show on its face that the trial court was without jurisdiction. The court did not err in refusing to set aside the divorce decree on jurisdictional grounds for the further reason that there is no record in this court of the evidence adduced on the final hearing. In such case it will be conclusively presumed that the court had jurisdiction of the person of the appellant. Enumerated error 1 is without merit.

■ Under the provisions of *Code Ann.* § 24-2409 (2) (Ga. L. 1951, pp. 291, 298; as amended, Ga. L. 1968, pp. 1013, 1021), the Bibb Superior Court was authorized to transfer the question of the determination of custody of the minor children to the Juvenile Court of Bibb County for the purpose of either (1) "investigation and

report back to the superior court," or (2) "investigation *and determination*." (Emphasis supplied.) Since the trial court's order referred this issue "for investigation, *trial and determination of all issues of fact and questions of law*" (emphasis supplied), it effectively surrendered jurisdiction over such issue to the juvenile court for that court's final determination. The juvenile court, therefore, erred in transferring the issue back to the superior court, rather than deciding the issue. The fact that the appellant's defensive pleadings had been voluntarily dismissed in the interim did not necessarily make the issue of custody moot and the juvenile court must "proceed to handle the matter in the same manner as though the action originated under this Chapter, in compliance with the order of the superior court," i.e., enter a final judgment therein. *Code Ann.* § 24-2409 (2), supra; *Code Ann.* § 24-2408 (5) (Ga. L. 1951, pp. 291, 297; as amended, Ga. L. 1968, pp. 1013, 1019); *Slater v. Slater,* 216 Ga. 242 (115 SE2d 353). The superior court, therefore, was wholly without jurisdiction to enter any custody order in the case, and the court erred in entering such order as a part of its final decree. Enumerated error 2 is meritorious. In view of the above holding, we need not rule on the issue of the certainty of the custody order entered by the superior court, which is raised by enumerated error 3.

*Judgment affirmed in part; reversed in part. All the Justices concur.*