## 26623.  COLLIER v. COLLIER.

NICHOLS, Justice. Christine Hannah Collier brought a divorce action against Charles Robert Collier upon the ground of cruel treatment. The husband filed a cross complaint seeking a divorce upon the ground of adultery. Both parties sought injunctions to prevent harassment by the other party. A hearing was held on the questions of temporary alimony, child custody, use of property pending a final adjudication of the issues and temporary injunction preventing harassment. After hearing evidence the trial court found the wife to be an unfit parent, denied her temporary alimony, awarded custody of the children to the husband, with limited visitation rights to the mother and granted the husband use of the marital home pending the litigation. The evidence adduced upon the hearing showed without dispute (from the wife as well as her paramour) that she was guilty of adultery. *Held:*

1. Under the decision in *Johnson v. Johnson,* 218 Ga. 28 (126 SE2d 229) and the cases there cited, the refusal to grant temporary alimony was not only proper but the grant of such temporary alimony would have been reversible error.

2. Assuming but not deciding that the trial court, under the evidence, could have found that the mother was not unfit, yet, the finding of the trial court that the mother was unfit cannot be held to be without evidence to support it, and under such circumstances the award of custody to the father with limited visitation rights to the mother cannot be held to be an abuse of discretion, nor under such circumstances is the award of the marital residence and the exclusive use of its furnishings to the parent who has custody of the children and forbidding the wife from coming about such premises except in the exercise of visitation privileges an abuse of discretion.

3. While under the provisions the Juvenile Court Act of 1951 (Ga. L. 1951, pp. 291, 298) as amended (*Code Ann.* § 24-2409), the judge of the superior court may transfer

the question of custody of minor children to the juvenile court, either for investigation and report or for investigation and final determination, such provision is permissive only and the refusal to transfer such question is not reversible error.

4. There being no reversible error shown, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 13, 1971—DECIDED SEPTEMBER 8, 1971.

*Manning & Read, Charles D. Read, Jr.,* for appellant.
*John Calvin Hunter,* for appellee.