## 32924. BANISTER v. BANISTER.

MARSHALL, Justice.

The parties to this appeal were divorced on March 19, 1976, by final judgment and decree of the Dougherty Superior Court. The divorce decree, which incorporated an agreement of the parties, provided that "temporary custody of the minor children shall be in the husband . . . the Court specifically reserves the question of permanent custody until a later date." The decree further provided that, "the parties agree that the husband shall continue temporary custody for a period of not less than one (1) year, after which time, either party may apply for permanent custody of the minor children. It is the intention of the parties hereto that each party shall be given equal consideration regarding application for permanent custody and that. there shall be no requirement for showing a change of condition since the execution of this agreement in the consideration of permanent custody."

On March 11, 1977, the appellee-husband filed a complaint in Dougherty Superior Court against the appellant-wife, praying for permanent custody of their two

minor children. The wife filed an answer to the complaint and a counterclaim praying that she be awarded permanent custody of the children. After finding that neither the husband's complaint nor the wife's counterclaim was based on a change of conditions or circumstances arising subsequent to rendition of the original judgment, the trial court on its own motion dismissed the complaint and counterclaim, citing *Simpson v. Moon,* 238 Ga. 152 (231 SE2d 754) (1977); *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2) (1956); and *Broome v. Broome,* 212 Ga. 132 (91 SE2d 18) (1956), which exemplify the following rules: a decree awarding child custody is final and may not be modified or changed after the term in which it was rendered except upon a change in conditions affecting the welfare of the child[1] ; any language contained in a judgment which purports to make the custody award temporary or retain jurisdiction in the court to amend or modify the award has no effect. We agree with this ruling of the trial court, and in addition to those cases cited by the court below, we note *Young v. Pearce,* 212 Ga. 722 (95 SE2d 671) (1956); *Goodloe v. Goodloe,* 211 Ga. 894 (89 SE2d 654) (1955); and *Fortson v. Fortson,* 195 Ga. 750 (25 SE2d 518) (1943), which hold that the foregoing rules on the finality of child custody awards are not altered by the fact that the decree in which the award is made is based on an agreement of the parties.

*Rowell v. Rowell,* 211 Ga. 127 (84 SE2d 23) (1954) and *Ponder v. Ponder,* 198 Ga. 781 (32 SE2d 801) (1945), cited by the appellant, do not demand a different result for the reason that the divorce decrees in those cases did not rule on the question of child custody, but held the matter in abeyance until a later date. See *Goodloe v. Goodloe,* 211 Ga. 894, supra.

*Judgment affirmed. All the Justices concur.*

Submitted October 18, 1977 — Decided January 5, 1978 — Rehearing denied January 18, 1978.

---

[1] But see Ga. L. 1976, p. 1050.

*Vansant & Engram, B. Sam Engram, Jr.,* for appellant.

*Gilberg, Kraselsky & Owen, Robert L. Kraselsky,* for appellee.

ON MOTION FOR REHEARING.

The appellant files a motion for rehearing, arguing that in *Rowell,* supra, which we distinguished, the husband was granted temporary custody of the minor child, and the wife was allowed to thereafter litigate the issue of permanent custody without showing a change of conditions. However, as the appellant concedes, *Rowell* is distinguishable from this case on what we consider to be the critical point, namely the final divorce decree there was silent as to custody and the divorce decree here awarded custody, albeit termed " temporary custody," to one of the parties. The whole import of the decisions which we cite in the main opinion is to the effect that if the final divorce decree makes any award of custody, it is in legal contemplation an award of permanent custody, notwithstanding any limiting language contained in the decree. This is a simple and straightforward rule, and we emphasize its effect here in the hope that it will be more easily followed in the future.

*Motion for rehearing denied.*