## 37897. HARWELL v. HARWELL.

GREGORY, Justice.

Harriette Harwell, appellant here and plaintiff below, filed for divorce in Walton County. During the pendency of the case a compromise agreement of the parties, providing, inter alia, that appellant have "both temporary and permanent possession, custody and control" of one child and that Eugene Harwell, appellee, have "both temporary and permanent possession, custody and control" of the other child, was adopted by the trial court as part of its temporary order. The parties subsequently reconciled and appellant voluntarily dismissed the action.

The reconciliation was, unfortunately, short-lived and appellant refiled for divorce. Appellee filed his answer and appellant moved for a judgment on the pleadings, which was granted.

The judgment, dated March 27, 1980, was styled, "Judgment on the Pleadings" and "Final Judgment and Decree of Divorce." It stated in part that, "It is considered, ordered, and decreed by the court that the marriage contract heretofore entered into between the parties to this case, from and after this date, be and is set aside and fully dissolved as fully and effectually as if no such contract had ever been made or entered into;" added to that was a handwritten addition, initialed by both attorneys: "except as to any existing contract between the parties as such would pertain to the minor children of the parties which such contract will remain in full force and effect." It is not disputed that the handwritten addition to the order referred to the compromise agreement of the parties adopted as part of the temporary order in the previous divorce action. The judgment specifically reserved for later determination "the issues of alimony, child support, property rights, attorneys' fees and all other matters between the parties."

Prior to signing the judgment, the court informed counsel for both parties that the issue of child custody would be transferred to the Juvenile Court of Walton County for determination. On April 9, 1980, the court signed a written order to that effect. The juvenile court heard the matter on September 23, 1980, and issued an order including findings of fact and conclusions of law on September 30, 1980, placing both children in the custody of appellee.

(1) Appellant first contends the trial court erred in transferring the issue of custody to the juvenile court after it had been finalized as part of the decree of divorce and in subsequently allowing the juvenile court order to become the order of the superior court. Appellant relies primarily on *Banister v. Banister,* 240 Ga. 513 (241 SE2d 247) (1978), wherein we said, "if the final divorce decree makes

any award of custody, it is in legal contemplation an award of permanent custody, notwithstanding any limiting language contained in the decree." Id. at 515. It "may not be modified or changed after the term in which it was rendered except upon a change of conditions affecting the welfare of the child . . ." Id. at 514. See also, *Simpson v. Moon,* 238 Ga. 152 (231 SE2d 754) (1977); *Stegall v. Stegall,* 238 Ga. 296 (232 SE2d 909) (1977); *Buck v. Buck,* 238 Ga. 540 (1) (233 SE2d 792) (1977).

*Banister,* however, is distinguishable from the instant case and we do not agree with appellant that an award of child custody was "finalized as part of the decree of divorce." The typewritten portion of the judgment, dissolving the marriage contract "as if no such contract had ever been made or entered into," was, of course, following the language of Code Ann. § 30-116 regarding the form of a judgment for divorce. The handwritten addition was obviously inserted to make it clear that the contract as to child custody was not also dissolved. At the time of the judgment for divorce, the settlement agreement was not part of an existing court order, and it was not then made so. The judgment did not incorporate the agreement by reference, adopt it, or command the parties to abide by it.[1] Where no award of child custody is made in the final decree of divorce, the court has the power to reserve the issue of child custody and determine same at a subsequent term of court. *Rowell v. Rowell,* 211 Ga. 127 (84 SE2d 23) (1954); *Ponder v. Ponder,* 198 Ga. 781 (4) (32 SE2d 801) (1945). Thus, appellant's first enumeration of error is without merit.

(2) Appellant's remaining enumerations of error relate to allegedly improper evidentiary rulings by the juvenile court. Appellant failed to perfect the record by making offers of proof as to excluded evidence and failed to include in the record on appeal a document the admission of which is complained of. These enumerations of error present nothing for us to consider. There is evidence in the record to support the court's findings of fact, and the juvenile court did not, on the basis of the evidence presented, abuse its discretion by awarding custody of both children to appellee. *Willingham v. Willingham,* 192 Ga. 405 (15 SE2d 514) (1941); *Sullivan v. Sullivan,* 241 Ga. 7 (243 SE2d 35) (1978).

*Judgment affirmed. All the Justices concur.*

---

[1] By way of comparison, the temporary order of the previously dismissed action had "ordered that: All of the terms and conditions of said Compromise Agreement dated July 12, 1979, be made a part of this Order and both parties are hereby ordered and commanded to abide by all the terms and conditions of said Compromise Agreement, until further order of this Court."

DECIDED DECEMBER 2, 1981.

*John T. Strauss,* for appellant.
*George J. Hearn III,* for appellee.