### 63600. SOUTH et al. v. SOUTH FULTON HOSPITAL.

SHULMAN, Presiding Judge.

While at appellee-hospital to visit a patient, appellant Mary South slipped and fell in a corridor, the floor of which was being stripped of its old wax by hospital employees. In the Souths' suit against the hospital, the jury returned a verdict for appellee, and appellants now appeal, taking issue with several jury charges given and the admission of certain testimony. Finding no error, we affirm.

1. A. Appellants maintain that the evidence presented at trial did not authorize jury instructions on assumption of the risk and avoidance of the consequences, and conclude that the trial court erred in giving those instructions. Appellants base their enumeration of error on the fact that knowledge of the danger and a deliberate choice of the perilous course of conduct are essential elements of the theories of law in question, and contend that the theories were not supported by the evidence, since appellant Mary South testified that she had no knowledge of the danger which caused her injuries.

"To warrant the court in charging the jury on a given topic . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless." *Brown v. Matthews,* 79 Ga. 1 (hn. 2) (4 SE 13). Since there was evidence introduced at trial from which the jury could determine that Mrs. South had perceived the danger and had proceeded into the dangerous situation, the trial court did not err when it instructed the jury on the law of assumption of the risk and avoidance of the consequences.

B. There was also evidence to authorize a jury instruction on accident. "An accident, as the term is used in connection with cases of this character, means an injury which occurs without being caused by the negligence of either the plaintiff or the defendant." *Savannah Elec. Co. v. Jackson,* 132 Ga. 559, 563 (64 SE 680). There was evidence that the hospital employees had placed cautionary signs around the area being stripped and that Mrs. South's view of the hallway in which the signs were allegedly placed had been obstructed by the presence of a person walking down the hallway in front of her. Such

evidence authorized a charge on accident.

C. Appellants also complain about the trial court's instruction to the jury on the law of "rushing into a situation of grave peril." Our review of the record fails to reveal such a charge as having been given, and therefore we will not give further consideration to this enumeration of error.

2. The sole evidentiary enumeration of error recited by appellants concerns the admission of the pre-trial testimony of a hospital representative. "Assuming the admission of certain testimony . . . was error, we hold the error to have been harmless because . . . testimony concerning substantially the same subject matter [was] admitted on other occasions, without objection. [Cits.]" *Converse v. O'Keefe,* 148 Ga. App. 675 (2) (252 SE2d 92). See also *Sherrill v. Martin,* 161 Ga. App. 558 (288 SE2d 648).

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED JUNE 1, 1982 —
REHEARING DENIED JUNE 16, 1982.

*Mark S. Gannon, Henry Angel,* for appellants.
*Philip C. Henry,* for appellee.