Pope, Judge.
These consolidated cases arise from a common set of facts resulting in the adjudication and determination of the custody of J. S. S., the minor child of the divorced parties, appellant-mother and appellee-father. Following the order of the Juvenile Court of DeKalb County which awarded to appellee permanent custody of J. S. S., as well as the denial of her subsequent motion for new trial, we granted appellant’s application for discretionary review.
The procedural facts are as follows: Appellant and appellee were married to each other on October 5, 1974 and J. S. S. was born to them on May 31, 1975. After a separation of approximately one month, appellant filed her petition for divorce in the Superior Court *362 of DeKalb County on August 15, 1978 seeking, inter alia, temporary and permanent custody of J. S. S. in addition to child support, alimony, attorney fees, and certain described personal property. After a hearing, the superior court ordered on September 6, 1978 that temporary custody of J. S. S. be awarded to appellant with specified visitation rights to appellee. In the temporary order, appellee was also required to pay specific sums in attorney fees and each week for child support and alimony. Appellee answered and counterclaimed for divorce on September 18, 1978 denying the material allegations of appellant’s petition, except her assertion of entitlement to the custody of J. S. S. After appellant filed a demand for jury trial, appellee filed his motion for partial summary judgment on the pleadings. On April 11,1979 the superior court granted a total divorce to the parties.[1] The order further expressly stated: “All other issues in the case concerning the wife’s right to alimony, [attorney] fees, child support and a division of property are hereby reserved for trial or further determination by the Court.”
On September 14,1979 appellee, then acting pro se, filed a pleading in the same case in the superior court seeking modification of temporary custody and child support. An attached rule nisi set the hearing for October 9, 1979. Appellant, through her attorney moved for a continuance based upon a purported need for time to make discovery as the change of custody case involved complex issues. Appellant’s motion for continuance was granted and hearing was set for October 19, 1979, but the record contains no order and apparently no hearing took place. On September 23, 1983 appellee’s counsel filed on his behalf a contempt motion against appellant alleging that she refused him the visitation rights with J. S. S. granted by the temporary order of September 6, 1978. In this motion appellee sought enforcement of such visitation rights pending a final resolution of the matter of custody. At the hearing on this motion on September 29, 1983 counsel for both parties stipulated a settlement on appellee’s temporary visitation schedule and the motion for contempt was dismissed. Appellee’s counsel informed the trial court that he had contacted the clerk of court to request that the matters of permanent custody, visitation and child support be set down for resolution. The interim visitation schedule for October and November was read into the record with appellee’s counsel stating that if permanent custody had not been decided by the end of November, counsel for both parties would reach an agreement for visitation until a hearing could be held. Appellant and her counsel agreed with the stipulations. The trial judge *363 of the superior court then announced that if neither party objected, he would transfer the case to the Juvenile Court of DeKalb County for investigation and determination. No objections were raised, and by order signed and entered on September 29,1983 the superior court transferred the determination of the permanent custody of J. S. S. to the juvenile «ourt.
On January 17, 1984 appellant filed in the superior court a pleading entitled “Motion for Declaratory Judgment or, in the alternative, Motion for Judgment on the Pleadings” seeking a stay of the juvenile court proceedings set to begin January 18, 1984 based upon her claim that permanent custody had already been determined. The superior court declined to rule on this motion. Also on January 17, 1984 appellee filed in the superior court an amendment to his answer and counterclaim in the divorce action which denied appellant’s entitlement to permanent custody of J. S. S. and affirmatively sought the award of such custody to himself.
A lengthy evidentiary proceeding was held in the juvenile court and both parties were represented by counsel. By order dated February 23, 1984 appellee was awarded permanent custody of J. S. S. Appellant’s motion for new trial was denied on September 6, 1984.
1. In her first enumeration of error, appellant contends that the juvenile court was without jurisdiction over the issue of child custody as the superior court has exclusive jurisdiction over this issue under the facts of this case. We disagree. OCGA § 15-11-5 (c) provides: “Concurrent custody and support jurisdiction. Where custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in the consideration of these cases the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court.” (Emphasis supplied.) Although appellant correctly points out that superior courts are vested with exclusive jurisdiction “in divorce cases” by our state constitution (Ga. Const., Art. VI, Sec. IV, Par. I), our Supreme Court has held that this “does not include the determination of custody of minor children.” Wilbanks v. Wilbanks, 220 Ga. 665, 666 (141 SE2d 161) (1965). Further OCGA § 15-11-6 (b) provides: “Courts of record, in handling divorce, alimony, or habeas corpus cases involving the custody of a child or children, may transfer the question of the determination of custody and support to the juvenile court for investigation and a report back to the superior court or for investigation and determination. If the referral is for investigation and determination, then the juvenile court shall proceed to handle the matter in the same manner as though the action originated under this chapter, in compliance with the order of the superior court. At any time prior to the determination of such question, the juvenile court may transfer the *364 jursidiction of the question back to the referring superior court.” (Emphasis supplied.)
Insofar as appellant’s challenge to the superior court’s transfer of the custody issue to the juvenile court may be understood to raise any constitutional violations, we find it to be without merit. First, appellant did not raise any objection on specific constitutional grounds in either the superior or juvenile court. Further, appellant originally filed in the Supreme Court her application for discretionary review in which she raised this enumeration of error. The Supreme Court then ordered this case transferred to this court for decision on the application. “Inasmuch as all cases involving the constitutionality of any state law are solely within the jurisdiction of our Supreme Court and this case was transferred here, we deem that court to have determined that the constitutional issue was not properly raised or was otherwise not before the court on appellate review.” Harris v. State, 157 Ga. App. 367 (278 SE2d 52) (1981). Even if so raised, it was not meritorious. Egerton v. Jolly, 133 Ga. App. 805 (1) (212 SE2d 462) (1975). Moreover, a reading of the case cited by the Supreme Court in its transfer order, Munday v. Munday, 243 Ga. 863 (257 SE2d 282) (1979), shows that the Supreme Court declined jurisdiction of appellant’s application because the custody question did not also involve a judgment for divorce.
Under OCGA § 15-11-6 (b) the superior court was authorized to “transfer the question of the determination of custody and support to the juvenile court for . . . investigation and determination.” Appellant relies upon obiter dictum in Robinson v. Ashmore, 232 Ga. 498, 499 (207 SE2d 484) (1974), to the effect that the superior court may transfer jurisdiction to the juvenile court in habeas corpus actions, but not in cases involving child custody decided in a divorce. We find this unpersuasive in part because Robinson arose from a habeas corpus action and any comment regarding the issue raised in this case is, thus, obiter dictum. More important, the laws of this state have been revised regarding the power of the superior court to transfer the custody controversy to the juvenile court for investigation and determination. In Tallant v. Tallant, 227 Ga. 26 (2) (178 SE2d 887) (1970), the Supreme Court held the transfer of the determination of child custody from the superior court to the juvenile court to be authorized for the purpose of investigation and determination. The opinion in Tallant was rendered based upon law as it appeared in Code Ann. § 24-2409 (2) (Ga. L. 1951, pp. 291, 298-99; as amended, Ga. L. 1968, pp. 1013, 1022). See also Pitts v. Pitts, 224 Ga. 11 (159 SE2d 287) (1968); Burney v. Burney, 222 Ga. 790 (1) (152 SE2d 871) (1966). This appears to be the precursor to OCGA § 15-11-6 (b). In 1971 the Juvenile Court Code was enacted “to revise, classify, consolidate and supersede” the juvenile court laws at that time. Ga. L. 1971, p. 709. *365 The provision at issue here authorizing the transfer of custody controversies to juvenile court for investigation and determination was not included and was specifically repealed. Ga. L. 1971, p. 756. See generally Showalter v. Sandlin, 229 Ga. 405 (2) (191 SE2d 828) (1972). This provision was, however, re-enacted to amend Code Ann. § 24A-302 in 1974 (Ga. L. 1974, pp. 1126, 1128) to read as it does today in OCGA § 15-11-6 (b). The statute was approved March 28, 1974, following oral argument in Robinson v. Ashmore, supra. To the extent that at the time of the superior court’s transfer to the juvenile court in Robinson there would be no authorization for the juvenile court’s determination of custody in divorce proceedings, the obiter dictum in that case was probably correct. Under the reasoning of the foregoing, however, it is now inapplicable. See generally Saade v. Saade, 238 Ga. 620 (234 SE2d 530) (1977).
The superior court was authorized to transfer the question of the permanent custody of J. S. S. to the juvenile court for investigation and determination. See McConaughey, Ga. Divorce, Alimony & Child Custody, § 22-4 (2d ed. 1980). Thus, the juvenile court, acting pursuant to a proper order of transfer from the superior court, had jurisdiction in this case.[2]
2. Appellant next contends that the April 11, 1979 order granting the parties a divorce is res judicata on the issue of permanent custody of J. S. S. She argues that the pleadings filed prior to it establish that the order was final as to custody issues and, thus, her “Motion for Declaratory Judgment or, in the alternative, Judgment on the Pleadings” should have been granted. First, we note that this motion was filed in the superior court after the case had been properly transferred to the juvenile court. The superior court properly declined to rule on the motion because it had no jurisdiction in the matter after September 29, 1983, the date the transfer order was entered. See Tallant v. Tallant, supra; Slater v. Slater, 216 Ga. 242 (115 SE2d 353) (1960). Jurisdiction of the issue raised in the motion was in the juvenile court. By order dated February 23, 1984 the juvenile court denied the motion for judgment on the pleadings concluding that the issue of permanent custody had never been determined and was properly before the juvenile court. We agree.
Appellant relies upon a number of cases for the proposition that “any language contained in a judgment which purports to make the custody award temporary or retain jurisdiction in the court to amend or modify the award has no effect.” Banister v. Banister, 240 Ga. 513, 514 (241 SE2d 247) (1978), and cases cited therein. However, in Ban *366 ister, supra at 515, on motion for rehearing, the Supreme Court explained that “if the final divorce decree makes any award of custody, it is in legal contemplation an award of permanent custody. . . .” (Emphasis supplied.) The April 11, 1979 order granted the parties a divorce, reserved other issues for trial, but did not make any award of permanent custody, nor was the temporary order even referred to. This being so, we find these facts to be more nearly like those in Harwell v. Harwell, 248 Ga. 578 (1) (285 SE2d 12) (1981), and Rowell v. Rowell, 211 Ga. 127 (1) (84 SE2d 23) (1954). In Harwell it was held that “[w]here no award of child custody is made in the final decree of divorce, the court has the power to reserve the issue of child custody and determine same at a subsequent term of court.” Id. at 579. We are also unpersuaded by the opinion in Brinson v. Jenkins, 207 Ga. 218 (60 SE2d 440) (1950), as the facts are distinguishable. There, although no specific award of permanent custody was stated in the final decree, it did contain language ordering the father to pay a specified monthly sum to the mother for the support of their minor child. In the case before us now, the final decree made no mention of permanent child support. Instead, “[a] 11 other issues in the case concerning [inter alia] the wife’s right to . . . child support ...” were reserved for further determination by the court. (Emphasis supplied.) Based upon the lack of a permanent award of custody of J. S. S. in the final decree and our refusal to find such permanent award by implication, we hold that the juvenile court’s assessment was correct. The matter of the permanent custody of J. S. S. had never been determined prior to the juvenile court’s order of February 23, 1984.
3. We find that appellant’s enumeration of error number three is also without merit. Contrary to her argument, the proceedings in the juvenile court were not barred under OCGA § 9-2-5 by appellee’s pleading filed on September 14, 1979 requesting modification of temporary custody and child support. Since there had been no award of permanent custody in the final decree, the September 14, 1979 pleading filed in the same action constitutes a motion for modification of the temporary order, not a new action. “Because of the difference in its nature and purpose from an award of permanent custody, the temporary order is not governed by the same rules of law as the permanent custody.” Foster v. Foster, 230 Ga. 658, 660 (198 SE2d 881) (1973) . Accord Harper v. Harper, 233 Ga. 253 (2) (210 SE2d 773) (1974) . The child custody litigation was still pending in the divorce action initiated by appellant and appellee’s motion to modify the temporary award of custody and child support was properly filed in the same action and did not constitute the filing of a separate suit. See Griffin v. Griffin, 239 Ga. 713 (2) (238 SE2d 380) (1977).
4. Appellant’s fourth enumeration of error essentially raises the general grounds by asserting that the verdict is strongly against the *367 weight of the evidence. In support, appellant contends there are significant errors in the findings of fact set forth in the February 23, 1984 order of the juvenile court. After an exhaustive review of the ten-volume record on appeal, we find that the juvenile court’s findings are more than amply supported by the record. Any factual inaccuracies or typographical errors are minor and provide no basis for reversal in this case. “ Tn a contest between parents over the custody of a child, the trial court has a very broad discretion, looking always to the best interest of the child, and may award the child to one even though the other may not be an unfit person to exercise custody or had not otherwise lost the right to custody . . . Where in such a case the trial judge has exercised his discretion, this court will not interfere unless the evidence shows a clear abuse thereof . . . In a case such as this, it is the duty of the trial judge to resolve the conflicts in the evidence, and where there is any evidence to support his finding it cannot be said by this court that there was an abuse of discretion on the part of the trial judge in awarding custody of the minor child to the father.’ Jackson v. Jackson, 230 Ga. 499 (197 SE2d 705) (1973) and cits.” Anderson v. Anderson, 240 Ga. 795 (2) (242 SE2d 593) (1978). We find absolutely no abuse of discretion in the award of custody to appellee.
5. In her fifth enumeration of error appellant contends that appellee is barred by the doctrine of laches from claiming that the September 6, 1978 order awarding temporary custody to appellant remains temporary and interlocutory. We need not address the merits, if any, of this enumeration as it was raised for the first time on appeal. Appellate review is, thus, precluded. “Matters to be considered on appeal . . . are limited to those which were urged before the trial court. [Cits.]” Georgia Retail Assn. v. Ga. Public Svc. Comm,., 165 Ga. App. 208, 209 (300 SE2d 544) (1983). Appellant’s sixth enumeration of error is subject to the same fate as the fifth for the same reason. See Cox v. City of Lawrenceville, 168 Ga. App. 119 (1) (308 SE2d 224) (1983). In any event, the sixth enumeration is without merit based upon our decision and rationale set forth in Division 2, supra.
6. Appellant’s final enumeration cites error to the admission of certain medical records dealing with appellant’s medical history for approximately nine years prior to the hearing. After a thorough review of the transcript of the juvenile court hearing, we find that appellant’s counsel specifically and expressly waived any objection based upon hearsay by stating: “Our whole argument is that whatever effect previous dependency upon prescribed medication has had has not had any effect on her ability to raise a child and I don’t really see the problem with . . . the records. They are just supplementing what we’ve already admitted and I would waive that portion of my objection that applies to hearsay.” Therefore, any enumeration of error *368 based upon hearsay is not properly before this court. Further, appellant’s counsel was afforded the opportunity, and even encouraged, by the juvenile court to delete by “blue pencil” the portions asserted to be irrelevant, presumably leaving those portions to show what medications were prescribed for appellant upon her description of symptoms or need. Apparently counsel did not avail himself of this opportunity, for most of the medical records remain intact.
Moreover, appellant’s argument that the records are prejudicial and irrelevant provides no basis for reversal. Much of the material is substantially the same as that testimony admitted at trial without objection. See South v. South Fulton Hosp., 162 Ga. App. 581 (2) (292 SE2d 90) (1982). As previously shown through the foregoing quote from appellant’s counsel, appellant’s challenge to the admission of the medical records was not based upon her denial of previous dependency upon prescription drugs. It was, instead, to the relevance of proof of her present fitness to have permanent custody of J. S. S. As set forth in Division 4, supra, the standard for determining the award of custody in this instance is the best interest of the child, not the fitness of the parent. Nor does this initial determination of permanent custody require a showing of a material change in circumstances substantially affecting the welfare of the child, as such is in part the standard for modification of a previous permanent custody award as between two parents. See Blackburn v. Blackburn, 168 Ga. App. 66 (1) (308 SE2d 193) (1983); see also Lamb v. Lamb, 230 Ga. 532 (198 SE2d 171) (1973). Inquiry would, thus, not be limited only to events occurring after the September 6, 1978 order awarding appellant temporary custody.
For the foregoing reasons we find no merit in this enumeration of error, nor any basis for reversal for any reason assigned.

Judgments affirmed.

Been, P. J., concurs. Beasley, J., concurs specially.

 We note that the order granting the parties a divorce was signed on April 11,1979, but was not entered until September 8, 1983 due apparently to a clerical error. In the interim, appellant was married and divorced two times. Appellee remarried in October 1983.

 The provisions of OCGA § 15-11-6 (b) are permissive only. The superior court is not mandated to issue such a transfer order and the refusal to do so is not reversible error. See Collier v. Collier, 228 Ga. 38 (3) (183 SE2d 769) (1971).