### 19613.   MATTHEWS *v.* MATTHEWS.

ARGUED FEBRUARY 12, 1957—DECIDED MARCH 12, 1957.

*Swift Tyler, John Tyler,* for plaintiff in error.

*Russell G. Turner, Sr.,* contra.

HEAD, Justice. It is the contention of the father in this court that, while the order of the Judge of the Juvenile Court of Fulton County awarded the custody of the girl to her mother, the testimony showed that the child was residing in the Thornwell Home at Clinton, South Carolina, and that the award of custody to the mother was, in fact, an award of custody to a third person. It is insisted that no moral unfitness of the father is shown, and that in a contest between the father and a third person, he would be entitled to the custody of the child.

Under the law now in effect pertaining to juvenile courts (Ga. L. 1951, pp. 291-311; Code, Ann. Supp., Chapter 24-24), the juvenile court judge is given broad discretion and powers in the placement of children whose custody is the subject of controversy, when the question of custody has been transferred to the juvenile court by a superior court in a divorce action. In all such cases, however, the general law pertaining to the right of parents to have the custody of their children (unless they have forfeited their right in the manner provided by law) can not be disregarded by the judge of the juvenile court.

In the present case the award of custody of the minor daughter of the parties was to the mother. From the evidence it appears that the mother is physically disabled and can not care for the child personally, and her custody will be, in effect, a supervisory one at the present time, with the child residing in a church orphanage. There is evidence that the child is being properly cared for, and that the mother is supervising her care. While there is no evidence of any physical or moral unfitness of the

father to have custody of both of the children, there is evidence from which the juvenile judge was authorized to find that it is not to the best interest of the daughter to be in the same home with the son, who is presently in the custody of the father.

The testimony in the present case reveals facts and circumstances most unusual in character, and different from other cases decided by this court. In view of the nature and character of the evidence, it is not shown that it was error for the judge of the superior court to overrule the certiorari.

*Judgment affirmed. All the Justices concur.*