21207.   FORRESTER v. LIVINGSTON.

SUBMITTED APRIL 10, 1961—DECIDED MAY 9, 1961.

*Wm. S. Shelfer, Haas, Dunaway, Shelfer & Haas,* for plaintiff in error.

*Lee Hutcheson,* contra.

QUILLIAN, Justice. 1. The respondent contends that he is legally entitled to have the children placed in his custody by virtue of the fact that by their father's will he was nominated their guardian, was duly appointed by the ordinary, and qualified in regular order for the trust. This contention is without merit. *Taylor v. Jeter,* 33 Ga. 195 (3) (81 Am. Dec. 202); *Raines v. Harris,* 150 Ga. 103 (102 S. E. 827); *Landrum v. Landrum,* 159 Ga. 324 (125 S. E. 832, 38 A. L. R. 217).

2. The evidence adduced on the trial showed, without contradiction, that the plaintiff was the mother of the children and the person having the legal right to their custody. The evidence, properly construed, was in conflict as to the plaintiff's fitness to rear the children who were the subject of the proceedings. There was evidence of grave misconduct on her part when she was a divorcee. She was apparently alone and without domestic ties to restrain her. But during the lapse of six years since the commission of the immoral acts, the plaintiff had married

and become the mother of three more children, and had with her husband established a home. We are aware of the rule embodied in *Code* § 38-118 as to the continuance of a mental state once proved to exist. In *Anderson v. Blythe*, 54 Ga. 507, 508, is the observation: "The doctrine that a state of things once existing is presumed to continue until a change or some adequate cause of change appears, or until a presumption of change arises out of the nature of the subject, is an element of universal law."

Here the circumstances which evidently influenced the plaintiff's behavior six years before had changed substantially when the trial was held. Thus, there was no presumption that the petitioner's character and conduct six years previously existed at the time of trial. Therefore, we are not prepared to say that the trial judge was not in the exercise of the discretion vested in him to award the custody of the children to the plaintiff.

*Judgment affirmed. All the Justices concur.*