22283.  PRITCHETT v. PRITCHETT.

Submitted January 15, 1964—Decided February 6, 1964.

*Robert L. Mitchell,* for plaintiff in error.
*Ellis B. Barrett,* contra.

ALMAND, Justice. The judgment under review is one refusing to change the custody of a minor.

The pleadings disclose that Mrs. Jewell C. Pritchett was granted a divorce from James R. Pritchett on November 7, 1952, and the custody of their minor child, Gina Pritchett, then 4 years old was awarded to the mother. In August 1963 the father filed an independent suit against the mother and prayed that he be awarded custody of the daughter. He alleged that by reason of her personal misconduct and mistreatment of the daughter the mother was not a fit and proper person to have her custody. He further alleged that the daughter, now 15

years of age, had exercised her right to live with her father under the provision of *Code* § 30-127 as amended by the Act of 1962 (Ga. L. 1962, pp. 713, 714).

On a hearing of the case there was evidence as to the conduct of the father and mother and the treatment of the child by the mother. The father has remarried and the mother resides in the home with her mother. The evidence did not demand a finding by the trial judge that it was to the best interest and welfare of the daughter that her custody be changed.

Counsel for the father insists that since the daughter is 15 years old and having selected her father as the parent she desires to live with, the court under *Code* § 30-127 as amended by the Act of 1962, abused its discretion in not awarding the child to the father. The Act of 1962 (Ga. L. 1962, p. 713) amends *Code* §§ 30-127 and 74-107 as follows: "In all such cases and in cases where a change of custody is sought, where the child has reached the age of 14 years, such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child." *Code* § 30-127, as amended, also provides: "The court, however in the exercise of a sound discretion, may look into all the circumstances of the parties, including the improvement of the health of the party seeking a change in custody provisions, and, after hearing both parties, make a different disposition of the children, placing them, if necessary, in possession of guardians appointed by the ordinary." Though a child 15 years of age has the right to select which parent she desires to live with, the trial judge must determine what is to the best interest, welfare and happiness of the child and in making this determination he has a wide latitude and discretion. *Barnes v. Tant*, 217 Ga. 67 (3) (121 SE2d 125). In refusing to award the daughter to the father, notwithstanding the express selection by the daughter as to which parent she desires to live with, the trial judge must of necessity have found that the father was not a fit and proper person to have her custody. We cannot say that the evidence demanded a contrary finding.

The order refusing to change the custody of the child is not erroneous.

*Judgment affirmed. All the Justices concur.*