### 22558. NORTHCUTT v. NORTHCUTT.

ARGUED JULY 13, 1964—DECIDED SEPTEMBER 11, 1964—
REHEARING DENIED SEPTEMBER 28, 1964.

*Westmoreland, Hall & Pentecost,* for plaintiff in error.

*Tyler & Blackwood, John C. Tyler,* contra.

GRICE, Justice. The assignments of error here are based upon the trial court's refusal to award custody of a child to its mother and upon its declaration as valid of the portion of a prior judgment relieving the father of alimony payments for the support of their three children.

These assignments of error grow out of three suits between Harriett MacKenna Northcutt and Thomas J. Northcutt in the Superior Court of Fulton County.

The first suit resulted in a divorce with custody of the children being awarded to the mother and the father being required to make specified payments to the mother for the children's support, besides other payments for her support. In the second suit the father sought custody of the children on the ground of a subsequent change in circumstances because of the mother's alleged neglect due to her excessive use of alcohol. The judg-

ment in that suit changed the custody to the father and relieved him from making payments to her for the children's support so long as their custody remained with him.

Thereafter, the mother instituted this suit for modification of the custody provisions of that judgment and to void that portion of the judgment which relieved the father from making payments to her for the support of the children.

The trial court modified the previous custody award so as to give the mother the right to have all of the children with her on stated occasions. However, it refused to award her complete custody of the 14 year old child and also denied the relief sought as to the payments. It is upon these two rulings that error is assigned here.

■ In the custody issue, the mother relies upon the testimony of the 14 year old child that she prefers to live with the mother. The mother contends that this child thus exercised her right to select the parent with whom she desires to live; that as shown by the trial court's judgment there was no evidence that she is not a fit and proper custodian, and therefore the child's selection is controlling; and that the trial court was required as a matter of law to award her the "full, complete and permanent" custody of the child.

In support of this contention the mother cites Georgia Laws 1962, pages 713, 714, which amends Code Ann. §§ 30-127 and 74-107 and provides that "In all such cases and in cases where a change in custody is sought, where the child has reached the age of 14 years, such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child."

The mother does not contend that the denial of custody is contrary to the evidence. Instead, her contention is that, as shown by the judgment itself, she was found to be a fit and proper custodian, and therefore the denial of complete custody to her was contrary to law.

The judgment relied on as demonstrating that the court found the mother to be a fit and proper custodian, in addition to

commending both parties for their motives and attitudes in the litigation, recited that ". . . there has been an improvement in the health of the [mother] and that such improvement has progressed to the extent that [she] should have partial custody of said children on stated occasions consistent with the best interests and welfare of said children." This is not, as contended by the mother, a determination that she was a fit and proper person to have custody of the 14 year old child. On the contrary, it is necessarily a holding that she was not. See *Pritchett v. Pritchett,* 219 Ga. 635, 636 (135 SE2d 417).

Having found the mother not to be a fit and proper custodian, the trial court's failure to award complete custody of the 14 year old child to her was not contrary to the statute sought to be invoked here. Ga. L. 1962, pp. 713, 714.

■ The assignment of error upon the refusal to declare void the portion of the prior judgment relieving the father of making payments to the mother for the support of the children urges that the trial court was without jurisdiction to so relieve the father, because his petition in that suit contained no allegation or prayer that child support payments be no longer required.

This assignment of error is not meritorious. While the father's petition in that suit did not allege or pray that he be allowed to stop making such payments, it did allege a subsequent change of circumstances affecting the welfare of the children, prayed that their custody be awarded to him, and also prayed for such other and further relief as seemed appropriate to the court. The relief from making payments to the mother for their support was entirely consistent with and authorized by the award to him of the children's custody. It would be incongruous to require him to continue paying the mother for their support while he, their custodian, was supporting them.

*Judgment affirmed. All the Justices concur.*