22747, 22763. FROUG v. HARPER; and vice versa.

ARGUED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965.

*Harvey A. Clein, Richard H. Babush,* for plaintiff in error.
*Franklin H. Pierce,* contra.

GRICE, Justice. These cases involve the effect of a 14 year old child's selection of the parent with whom it desires to live, pursuant to Ga. L. 1962, p. 713, and also a constitutional attack upon that statute. The child's father, Melvin A. Froug, filed in the Superior Court of Richmond County a petition in the nature of habeas corpus against the mother, Mrs. Jean Froug Harper, alleging that since the prior award to her of the child's custody a substantial change in conditions affecting its welfare had taken place and praying that custody be placed in him.

The trial court overruled the mother's demurrers to the petition but ordered that custody remain in her. In case number 22747, the main bill of exceptions, the father assigns error upon the order denying him custody. In case number 22763 the

mother assigns error by cross bill of exceptions upon the overruling of her general demurrers to the petition. The two cases will be treated together.

■ Reviewing first the denial of the father's prayer for custody, we find that the evidence was without conflict. There was no evidence that either party was unfit for custody—a rarity indeed in this kind of litigation. The court expressly found both parents to be fit.

Thus, with two fit parents, the issue hinges upon the consequences of evidence of their 14 year old child's written selection of the father as the parent with whom she preferred to live. No other evidence is relied upon in this court as authorizing the change of custody sought.

The father urges that no other evidence is required. His position is that since there was no evidence that he was not fit and proper for such custody, the child's selection of him required that he be awarded custody, and that the trial court's failure to do so was an abuse of discretion.

The mother, on the other hand, contends that such selection alone is not sufficient, that there must first be evidence of some independent fact amounting to a material change in conditions or circumstances substantially affecting the welfare of the child, and since there was none the trial court properly ordered that custody remain with the mother.

Ordinarily, to authorize the altering of an award of custody it must be shown that there has been a material change in conditions and circumstances substantially affecting the welfare of the child, and also that such change has had an adverse effect upon the child. *Young v. Young*, 216 Ga. 521 (118 SE2d 82); *Hunnicutt v. Smith*, 218 Ga. 282 (127 SE2d 375).

But the General Assembly, by enactment of Ga. L. 1962, p. 713, has, as we construe it, provided a means of changing custody without the necessity of evidence of such change in conditions and circumstances. This statute amends both *Code Ann.* § 30-127, as to custody in divorce actions, and *Code Ann.* § 74-107, relating to all cases in which custody is in issue, by adding this language: "In all such cases and in cases where a change in custody is sought, where the child has reached the age of 14 years,

such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child."

As we view the language of this statute, the selection, by a child who has reached the age of 14 years, of the parent with whom he or she desires to live is controlling save and except in one situation which is expressly recited therein. That exception is where the parent so selected is determined by the trial court "not to be a fit and proper" custodian. That exception was held to justify denial of the selections in *Pritchett v. Pritchett,* 219 Ga. 635 (135 SE2d 417) and *Northcutt v. Northcutt,* 220 Ga. 245 (138 SE2d 377).

To construe this right of selection as inoperative unless there be evidence, independent of and in addition to the child's selection, which shows that there has been a material change in conditions and circumstances substantially affecting the welfare of the child would be to read into this statute something which is not in it.

Accordingly, since this 14 year old child selected her father as her custodian and the trial court determined him to be fit and proper for such custody, the trial court was required to award custody to him. Its failure to do so was erroneous.

■ We turn now to the error assigned by the mother, the overruling of her demurrers to the father's petition.

■ Since the special demurrers are not insisted upon in this court by brief or oral argument, they are deemed to have been abandoned and will not be considered.

■ Upon consideration of the general demurrers, the mother's attack upon the constitutionality of this statute providing for selection by the child of its custodian (Ga. L. 1962, p. 713, supra) is the controlling issue.

The father's petition alleged the divorce proceeding between the parties, the award to the mother of custody of their child, the child's attainment of 14 years of age, her selection of the father as her custodian, his fitness for such custody, and some recitals claimed to constitute sufficient changes in conditions and circumstances requiring a change in custody. It contained a prayer that custody be awarded to him.

The mother's general demurrers asserted that the child selection provision of Ga. L. 1962, p. 713, supra, violates the separation of powers provision of our State Constitution (*Code Ann.* § 2-123) which declares that "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided."

It is urged that this child selection provision is an attempt by the legislature to exercise judicial powers in violation of the foregoing constitutional mandate by giving the child involved in a custody case the authority to determine and decide the issue, thereby depriving the court of its sound discretion in such matters, given it by law, and depriving it of control over its own proceedings.

This attack, as we appraise it, cannot be sustained.

The General Assembly, in enacting this additional legislation in the area of child custody was within its broad power to legislate concerning the welfare of children of this State under *Parens patriae*. In deciding on the age for this selection by the child, the legislature no doubt took cognizance of the recognition that it had previously given the attainment of 14 years of age in the enactment of laws concerning such matters as selection of a guardian in the court of ordinary, criminal responsibility, making wills, child labor, and consent to adoption. See, in this connection, *Adams v. Adams*, 219 Ga. 633 (135 SE2d 428).

The wisdom of legislation does not address itself to the judiciary, but to the legislature. This court has many times declared that "In determining constitutional questions, like others, the courts are not permitted to concern themselves with the wisdom of an act, or to apply or obtrude the personal views of the judges as to such matters, but are confined to settled principles of law under the long established general rule stated." *Mayes v. Daniel*, 186 Ga. 345, 350 (198 SE 535); *State Ports Authority v. Arnall*, 201 Ga. 713, 722 (41 SE2d 246). Here, it was for the General Assembly to consider such matters as whether this statute would cause parents to vie with each other for the custody of their child to the child's detriment, whether it would bring about numerous suits for change of custody

merely because a child might change its mind for good or insufficient reason, or whether a child of such age has the maturity of judgment to make such a grave decision.

Since the statute in question does not offend the constitutional provision relied upon in the general demurrers, they were properly overruled.

*Judgment reversed on main bill; affirmed on cross bill. All the Justices concur.*