## 23765. BURNEY v. BURNEY.

ARGUED OCTOBER 12, 1966—DECIDED DECEMBER 5, 1966.

*W. J. Patterson, Jr.,* for appellant.

*Virgil H. Shepard,* for appellee.

COOK, Justice. In an action for divorce, alimony, and the custody of minor children by Patsy K. Burney against John Hubert Burney, the Judge of the Superior Court of Bibb County transferred the question of custody of the minor children to the Juvenile Court of Bibb County. The appeal in the present case is from the order of the juvenile court judge awarding the custody of the four minor children of the parties to the mother.

■ The first assignment of error is that it was error to allow counsel for the mother to read to the juvenile court judge the jury verdict in the divorce case in Bibb Superior Court, and to admit in evidence the verdict and judgment in the divorce case. The jurisdiction of the Juvenile Court of Bibb County was by reason of the transfer to that court of the question of custody made in the divorce action. The juvenile court judge in such a case is entitled to know the finding made as to the party "in default" in the divorce action (*Code* § 30-127, as amended), and the provisions for alimony and child support.

■ In the second specification of error it is asserted that it was an abuse of discretion to award custody of the four minor children to the mother, and in the third specification it is contended that it was an abuse of discretion to award custody of Terry Burney, fifteen years old, to the mother.

The judge of a juvenile court, to whom the question of custody has been transferred in a divorce action, has the same duty as the judge of a superior court to exercise a sound discretion in awarding custody of the minor children, and his exercise of discretion will not be disturbed by this court unless manifestly abused. *Matthews v. Matthews*, 213 Ga. 87 (97 SE2d 158); *Snell v. Snell*, 220 Ga. 899 (142 SE2d 791). A careful consideration of the evidence shows that the judge did not abuse his discretion in finding that the mother was a fit person to have custody of the minor children.

The evidence discloses, however, that the boy who is fifteen years old testified that he had been living with his father since the separation of his parents, and that it was his desire to continue to live with him. *Code* § 30-127, as amended by Ga. L. 1963, pp. 713, 714, provides that "where the child has reached the age of 14 years, such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child."

While there is some language in *Pritchett v. Pritchett*, 219 Ga. 635 (135 SE2d 417), indicating that the trial judge has some discretion in awarding custody of a child who has reached

the age of fourteen years beyond the determination of whether the parent selected is a fit and proper person to have the custody of the child, that opinion is concluded by the language: "In refusing to award the daughter to the father, notwithstanding the express selection by the daughter as to which parent she desires to live with, the trial judge must of necessity have found that the father was not a fit and proper person to have her custody. We cannot say that the evidence demanded a contrary finding."

In *Froug v. Harper*, 220 Ga. 582, 584 (140 SE2d 844), in which the *Pritchett* case, supra, was cited, this court held: "As we view the language of this statute, the selection, by a child who has reached the age of 14 years, of the parent with whom he or she desires to live is controlling save and except in one situation which is expressly recited therein. That exception is where the parent so selected is determined by the trial court 'not to be a fit and proper' custodian." See also *Rigdon v. Rigdon*, 222 Ga. 679 (151 SE2d 712).

In the present case the judge made no specific finding as to the fitness of the parties, but by his refusal to award the boy fifteen years of age to his father, when, on the trial of the case, the boy had expressed his desire to live with his father, the judge must have found the father unfit. This finding is contrary to the evidence, since there is no testimony showing the unfitness of the father to have custody of his son Terry, and the judge erred in refusing to allow this son to live with his father.

■ In the fourth and fifth assignments of error it is asserted that the judge erred in failing to give any consideration to certain evidence offered by the father, which the judge indicated that he did not consider material to the issue in the case. This evidence, while relevant, was not of such nature as to require a judgment contrary to that made.

*Judgment affirmed in part; reversed in part. All the Justices concur.*