## 25159. SATTERFIELD v. SATTERFIELD.

NICHOLS, Justice. On March 25, 1966, a final divorce decree was rendered between the parties which also gave custody of the couple's two children to the wife. When the older child

reached the age of 14 the father filed a petition seeking custody of such child based upon the child's preference to live with the father. The petition also prayed that the child support provided for in the final decree as to the older child be discontinued. The mother filed an answer in which she alleged the unfitness of the father to have custody of the child and prayed that custody of the 14-year-old child remain in her and that she be awarded attorney's fees to defend the allegations of the petition seeking a reduction in the child support payments. The trial court, after hearing evidence, found the father unfit to have custody of the child, left custody with the mother, did not change the child support payments and retained jurisdiction to determine attorney's fees at a later date. *Held:*

1. The trial court did not err in ruling that the fitness or unfitness of the mother was not in question where the pleadings did not raise such question, where there was no attempt to obtain custody of the younger child from the mother, and the sole evidence offered to attempt to show her unfitness was that after being divorced for three years she had recently begun dating. No evidence was introduced to show any improper conduct as a result of such dating.

2. While generally a 14-year-old child may as a matter of right select the parent with whom he desires to reside, yet where the parent selected is found to be unfit, a decree placing custody in the other parent is not error. See *Northcutt v. Northcutt,* 220 Ga. 245 (138 SE2d 377); *Pritchett v. Pritchett,* 219 Ga. 635 (135 SE2d 417).

The evidence adduced authorized the trial court to find that the father was unfit and the decree leaving custody of the 14-year-old son in the mother was not error for any reason assigned.

3. In view of the affirmance of the decree leaving custody of the child in the mother, the remaining enumerations of error relating to the possibility of the child support being changed, the question of attorney's fees for the wife if she should have to defend a possible change in such child support and as to evidence as to the husband's earnings are moot questions which will not be passed upon.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 15, 1969—DECIDED APRIL 24, 1969.

*Vernon W. Duncan,* for appellant.
*Custer, Brennan & Smith, Lawrence B. Custer,* for appellee.