### 27812. LAMB v. LAMB.

HAWES, Justice. This appeal is from a judgment of the Superior Court of Tift County granting appellee's application for a change of custody of two minor children of the parties. In a divorce decree entered in this same court on October 4, 1971, the custody of the parties' two minor children, Milford Clark Lamb, Jr., born March 23, 1958, and Charles Jonathon Lamb, born September 18, 1964, were awarded to the father. The older child, immediately upon reaching his 14th birthday, voluntarily left the home of his father and moved to the home of his mother, electing her as his permanent custodian as provided by law, and leaving the younger brother with the father. Alleging those circumstances caused a substantial change in the condition of the parties, the mother brought this proceeding to regain the custody of the children. The trial court granted the relief sought, "allowing Milford Clark, Jr., to select the parent he desired to live with. The younger child, although too young legally to make a selection, desires to live with his mother, and considering the fact that unless he does so he will be

separated from his brother, the court finds that it would be for the best interest of both children that they be reared in the same home and that there has now been such a change in circumstances here to this fact that custody of both children should be awarded to the mother, the plaintiff." It was to this order, putting those findings into the judgment of the court, that defendant appeals.

"In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, 'the trial judge is vested with a discretion which will not be controlled by this court unless it is abused . . .When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it.' *Madison v. Montgomery,* 206 Ga. 199 (1, 2) (56 SE2d 292)." *Beckman v. Beckman,* 225 Ga. 693, 695 (171 SE2d 135). The trial court did not abuse its discretion in this case and the evidence is ample to support the judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 12, 1973 — DECIDED APRIL 25, 1973 — REHEARING DENIED MAY 10, 1973.

*Owens & Hilyer, Seymour S. Owens,* for appellant.
*Deryl D. Dantzler,* for appellee.