30752. CULBRETH v. CULBRETH.

HILL, Justice.

William Earsy Culbreth, Jr., brought an action against his former wife to change custody of their child from her to him. After the close of the father's evidence, the court granted the mother's motion to dismiss the complaint and the father appeals.

The parties were divorced January 3, 1975. The separation agreement which was incorporated into the divorce decree provided that custody of their two-year-old child would be in the mother. On October 15, 1975, the father filed a petition to change custody alleging substantial changes in conditions.

Beginning on November 6, 1975, and lasting for a day and a half the trial court heard evidence presented by the father. At the close of his evidence, counsel for the mother moved to dismiss the complaint on the ground that the father had failed to show that a substantial change in conditions affecting the child's welfare had occurred since the divorce decree of January 3, 1975. After argument of considerable length the trial court dismissed the complaint finding that "there has been no substantial change of conditions that would warrant a change in the custody of the minor child. That the present conditions are not detrimental to the child's welfare, best interests and morals."

The father contends that the judgment is contrary to the evidence and, conceding that a trial judge has broad

discretion in the area of child custody, he urges that the court abused its discretion. He also argues that he was misled by the trial judge into believing that the case would be referred to the juvenile court for investigation, but instead the action was dismissed.

Code Ann. § 81A-141(b) permits a dismissal upon the completion of the presentation of plaintiff's evidence. In this case the trial court heard the father's evidence and decided that the father had not carried the burden of proving a material change in circumstances substantially affecting the welfare of the child. The court's determination will not be controlled by this court unless the trial court abused its discretion. *Lyon v. Lyon,* 226 Ga. 879 (178 SE2d 195) (1970), and cits. Although the circumstantial evidence presented by the father shows some questionable conduct on the part of the mother, the evidence does not require a finding that the welfare of the child has been affected. Although we could not say that the evidence, or lack thereof, required dismissal of the action, neither can we say that the court erred in granting the defendant's motion to dismiss.

Although there was discussion between the court and plaintiff's counsel concerning an investigation by the juvenile court several times during the course of the hearing, plaintiff's counsel expressed some reservations as to that procedure and during the extensive argument on the motion to dismiss counsel was aware, or should have been, that a dismissal under Code Ann. § 81A-141(b) was being seriously considered by the court. Referral to the juvenile court is within the discretion of the trial judge. In view of the serious consideration being given the motion to dismiss, plaintiff's counsel should not have relied upon the earlier discussions about referral. We find no reversible error here.

*Judgment affirmed. All the Justices concur.*

Submitted January 29, 1976 — Decided April 6, 1976.

*Dewberry & Avery, C. Richard Avery,* for appellant.
*Brookins & Turoff, Ernest D. Brookins, John L. Turoff,* for appellee.