## 31542. HARBIN v. HARBIN.

PER CURIAM.

This is an appeal from the denial of a petition to change custody. It was brought by the appellant-mother against the appellee-father who had been granted custody in a divorce action in 1972. There are three sons aged 15, 14 and 12 years. This appeal involves only the elder two children who have elected to live with appellant. It appears the appellant concedes the trial court was correct in denying a change of custody for the 12-year-old son. In the divorce action the mother was found to be unfit to have custody. A previous petition to change custody was denied in 1974 with a finding that there was no evidence of the mother's rehabilitation. On appeal that judgment was affirmed by this court. *Harbin v. Harbin,* 234 Ga. 135 (214 SE2d 558) (1975).

Appellant contends that since her children over 14 years of age had elected to live with her the trial court erred in ruling that she had the burden of persuasion as to her fitness to have custody. Appellant concedes that absent such an election by a child over 14 years of age, the moving party has the burden of showing a change of conditions materially affecting the welfare of the child. However, it is argued that once a 14-year-old child makes an election to live with one parent the other parent has the burden of showing the selected parent is unfit to have custody. Appellant relies on Code Ann. § 74-107 which provides, ". . . where the child has reached the age of 14 years, such child shall have the right to select the parent with whom such child desires to live and such selection shall be controlling unless the parent so selected is determined not to be a fit and proper person to have the custody of said child." Code Ann. § 30-127 contains the same provision.

A child's selection of the parent with whom he desires

to live, where the child has reached 14 years of age, is controlling absent a finding that such parent is unfit. Without a finding of unfitness the child's selection must be recognized and the court has no discretion to act otherwise. *Adams v. Adams,* 219 Ga. 633 (135 SE2d 428) (1964); *Pritchett v. Pritchett,* 219 Ga. 635 (135 SE2d 417) (1964); *Froug v. Harper,* 220 Ga. 582 (140 SE2d 844) (1965). This is the express language of Code Ann. § 74-107 and Code Ann. § 30-127. It seems clear also that the parent resisting the child's selection must necessarily bear the burden of proving that the parent selected is unfit. However, we fail to see that the burden of proof of fitness or unfitness is an issue in the case under review. The mother who was the parent selected by the children presented evidence of her fitness to have custody. The father who has custody of the children presented evidence of the mother's unfitness by introducing the record of their 1972 divorce action and the 1974 judgment finding no evidence of rehabilitation. In our opinion the critical issue here is whether the 1972 divorce record and the later 1974 decree are, as contended in enumeration of error No. 3, inadmissible as evidence of the mother's unfitness. If this evidence is inadmissible then there is no evidence of the mother's unfitness and she is entitled to custody under Code Ann. § 74-107 and Code Ann. § 30-127.

In *Adams v. Adams,* supra, it is stated, "It is not a new or novel concept that a minor child may well be capable of making a wise selection. . . Under the Act of 1962 (Ga. L. 1962, pp. 713-715) [Amendment to Code Ann. § 74-107 and Code Ann. § 30-127] no parental right of custody by judgment or decree can defeat the right of a child reaching 14 years of age to select the parent with whom such child desires to live." This case together with a careful reading of the 1962 Act, which is now incorporated into Code Ann. § 74-107 and Code Ann. § 30-127, persuades us that the intent of the Act was to recognize that a child of 14 years or more was mature enough to select the parent with whom he desired to live and that this right of selection was controlling despite previous adjudications of unfitness. Therefore it is our conclusion that such child's right of selection can only be defeated by a showing of present unfitness. To hold that a prior

adjudication of unfitness was res judicata or evidence of present unfitness would, in our opinion, overly restrict such child's statutory right to select the parent with whom he wishes to live. *Barnes v. Tant,* 217 Ga. 67 (121 SE2d 125) (1961) was decided prior to 1962 and is not applicable here. *Pritchett v. Pritchett,* 219 Ga. 635, supra, was decided upon evidence of unfitness. Accordingly there is no evidence of the present unfitness of the appellant-mother to have custody. The judgment of the trial court must be reversed. The case is remanded for further hearing to permit the appellee to present evidence of appellant's present unfitness to have custody of her two children over 14 years of age.

*Judgment reversed. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

ARGUED SEPTEMBER 22, 1976 — DECIDED DECEMBER 1, 1976 — REHEARING DENIED DECEMBER 14, 1976.

*Custer, Smith & Manning, Lawrence B. Custer, W. Sammy Garner, III,* for appellant.
*J. Milton Grubbs, Jr., Adele Platt,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.
"The doctrine that a state of things once existing is presumed to continue until a change or some adequate cause of change appears, or until a presumption of change arises out of the nature of the subject, is an element of universal law." *Forrester v. Livingston,* 216 Ga. 798, 800 (120 SE2d 174) (1961). In my opinion this presumption is applicable here and is sufficient to 'support the trial court's judgment denying the appellant custody.