## 32578.. HAWKINS v. HAWKINS.

HILL, Justice.

This is a change of child custody case tried before the judge as provided by law. Code § 30-127.

Appellant seeks to have us award custody of the children to appellant (a rehearing before the same trial judge undoubtedly would not result in appellant obtaining custody). We have not seen the father, the mother, or the children. Therefore we are not in position to grant the relief sought.

Because of our inability to decide who should have custody of children, we apply the rule announced in the now celebrated case of *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974): If there is "reasonable evidence" in the record to support the decision of the trial judge, that decision will be affirmed on appeal. The "reasonable evidence" rule is applicable to orders changing custody. *Robinson,* supra. Orders denying change of custody which are supported by reasonable

evidence will of course also be affirmed. *Crumbley v. Stewart,* 238 Ga. 169 (231 SE2d 772) (1977).

The "reasonable evidence" rule applicable in change of child custody cases is applicable even where the divorced custodial parent is charged with having sexual relations. If the trial judge finds from the evidence that the welfare of children is affected and changes their custody, that decision will be affirmed on appeal where there is reasonable evidence to support it. *Godfrey v. Godfrey,* 239 Ga. 707 (1977). See also *Simpson v. Simpson,* 233 Ga. 17 (209 SE2d 611) (1974). However, if the trial judge finds from the evidence that the welfare of the children is not affected and refuses to change their custody, that decision also will be affirmed on appeal. *Culbreth v. Culbreth,* 236 Ga. 583 (224 SE2d 417) (1976); see also *Durden v. Durden,* 224 Ga. 417 (4) (162 SE2d 385) (1968). Compare *Buck v. Buck,* 238 Ga. 540 (233 SE2d 792) (1977).

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 13, 1977 — DECIDED OCTOBER 24, 1977.

*Glyndon C. Pruitt, Glen A. Garrett,* for appellant.
*G. Gibson Dean, II,* for appellee.