## 34297. WESTMORELAND v. WESTMORELAND.

BOWLES, Justice.

This case is on appeal from an order of the Superior Court of Hall County which removed custody of two minor children from the appellant-mother and awarded it to the appellee-father. This is the second appearance of this case in this court. (See *Westmoreland v. Westmoreland,* 241 Ga. 552 (246 SE2d 672) (1978), wherein the judgment awarding permanent custody of both children to the appellee-father was reversed on the grounds that a report from the juvenile court which had been relied on by the superior court had not been filed in the superior court nor otherwise made available to the parties.)

The final judgment and decree of divorce between these parties, dated April 23, 1976, awarded permanent custody of the two minor children, Kelley Westmoreland and Cree Westmoreland, to their mother, Sandra Thompson Westmoreland, the appellant-mother herein. (Mrs. Westmoreland was awarded custody of Kelley even though he was 14-years-old at the time and had selected his father as the parent with whom he wished to live.) On September 23, 1976, the appellee-father, Winfred Fletcher Westmoreland, Jr., filed a habeas corpus petition seeking a change of custody alleging a substantial change in conditions affecting the welfare of the minor children.

After a hearing, the trial court found that the minor child, Kelley Westmoreland, was over the age of 14, had selected the appellee-father as the parent with whom he wished to live, and that the appellee-father was a fit and proper person to have custody of his child. The trial court then awarded temporary custody of Kelley to the appellee-father but left temporary custody of Cree with the appellant-mother reserving the award of permanent custody until after an investigation and report by the Juvenile Court of Hall County. After the investigation and report and after a hearing on the matter, the trial court found a substantial change in circumstances affecting the welfare of the children and awarded permanent custody of both children to the appellee-father.

We affirm.

At the time of the filing of the petition seeking a change in child custody, the appellant-mother was living in Hall County but was anticipating a move to Gwinnett County where she did, in fact, move. The "substantial change in condition" alleged in the petition to change child custody was the move from Hall County. Appellant-mother contends that it was error for the trial court to change custody based on a condition that occurred after the petition was filed and at a time when she was no longer a resident of that county. She contends her motion to dismiss based on improper venue should have been granted.

At the time of the filing of the habeas corpus petition and service upon the appellant-mother, she, the legal custodian of the children, was a resident of Hall County and thus venue was proper in that county if the appellee-father had a cause of action at that time. Code Ann. § 50-103; *German v. Johnson,* 231 Ga. 454 (202 SE2d 89) (1973). Venue did not later become improper merely because appellant-mother subsequently moved to another county. *Lewallen v. Rogers,* 100 Ga. App. 267 (110 SE2d 596) (1959). The record in this case shows that at the time of the filing of the petition, Kelley, the child over the age of 14, had again selected the appellee-father as the parent with whom he wished to live. Therefore, appellee-father had a cause of action to change custody at

the time the petition was filed and thus venue was proper in Hall County.

Under *Harbin v. Harbin,* 238 Ga. 109 (230 SE2d 889) (1976) the appellee-father had a prima facie right to custody of Kelley which could only be defeated by a showing of present unfitness. After the custody hearing, the trial judge specifically found that the appellee-father was a fit and proper person to have custody and awarded permanent custody of Kelley to him. The award of permanent custody of one child to the appellee-father is, alone, a sufficient change in condition to warrant the change of custody of the younger child to the appellee-father as well. *Lamb v. Lamb,* 230 Ga. 532 (198 SE2d 171) (1973). However, the appellant-mother urges that the change in custody of the younger child is based on the change in custody of the older child and thus is improper since the latter change occurred *after* the filing of the petition.

A judgment in a habeas corpus case establishes the rights of the parents to the custody of their children *under the facts existing at the time of the rendition of the judgment. Lockhart v. Lockhart,* 173 Ga. 846 (162 SE 129) (1931). Thus, it necessarily follows that the trial court must consider all facts and conditions which present themselves up to the time of rendering the judgment and not merely facts and conditions which occur prior to the filing of the petition. Therefore, the trial judge properly considered circumstances occurring up to the time of the judgment (including the change in custody of the older child to the appellee-father) in rendering his decision as to custody of the younger child.

Appellant-mother's contention that there was insufficient evidence to justify a change in child custody is decided adversely to her in *Lamb v. Lamb,* supra. In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, the trial judge is vested with a discretion which will not be controlled by this court unless it is abused. When the trial judge is by law made the trior of an issue of fact, this court will not interfere with his finding when there is any evidence to support it. *Lamb v. Lamb,* 230 Ga. at 533.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 8, 1979 — DECIDED FEBRUARY 6, 1979.

*Deal, Birch, Orr & Jarrard, E. Wycliffe Orr, J. Nathan Deal,* for appellant.

*Robinson, Harben, Armstrong & Millikan, Sam S. Harben, Jr.,* for appellee.