### 65842. PARKERSON v. PARKERSON.

SOGNIER, Judge.

Henry Clay Parkerson filed a change of custody petition against his former wife, Elizabeth Smith Parkerson, seeking custody of their two minor children, aged 14 and 9, whose joint custody had been awarded to both parties in a 1980 divorce action, but who resided with their mother. The petition alleged that the daughter, upon reaching the age of 14, had elected to live with her father, as evidenced by her affidavit so stating, and that it was in the best interest of the

9-year-old son to live with his father and older sister. The trial court awarded custody of both children to the father and the mother appeals.

1. Appellant contends that the trial court abused its discretion in awarding appellee custody of the 14-year-old daughter in that the award was contrary to law and the weight of the evidence. We do not agree. "A child's selection of the parent with whom he desires to live, where the child has reached 14 years of age, is controlling absent a finding that such parent is unfit. Without a finding of unfitness the child's selection must be recognized and the court has no discretion to act otherwise." *Harbin v. Harbin,* 238 Ga. 109-110 (230 SE2d 889) (1976). See OCGA §§ 19-9-1 (a), 19-9-3 (a) (Code Ann. §§ 30-127, 74-107); *Froug v. Harper,* 220 Ga. 582, 584 (140 SE2d 844) (1965). Appellant has not contended, nor has she produced any evidence to show, that appellee is an unfit parent. The trial court did not err in awarding custody of the 14-year-old daughter to appellee.

2. Appellant also contends that the trial court abused its discretion in awarding appellee custody of the 9-year-old son, asserting that the requisite change of condition for modification of the judgment awarding custody (see *Danner v. Robertson,* 221 Ga. 516, 517 (1) (145 SE2d 554) (1965); OCGA §§ 19-9-1 (b), 19-9-3 (b) (Code Ann. §§ 30-127, 74-107)) has not been shown. The trial court found that the son had become dependent upon his 14-year-old sister and that it was in his best interest that he not be separated from her after her election to live with her father. The award of custody of the 14-year-old child to the appellee-father was a sufficient change in condition to warrant change of custody of the younger child to the appellee as well. *Westmoreland v. Westmoreland,* 243 Ga. 77, 79 (252 SE2d 496) (1979); *Lamb v. Lamb,* 230 Ga. 532 (198 SE2d 171) (1973). The trial court did not abuse its discretion in awarding custody of the 9-year-old son to appellee. See *Hawkins v. Hawkins,* 240 Ga. 30 (239 SE2d 358) (1977); *Dearman v. Rhoden,* 235 Ga. 457, 458 (4) (219 SE2d 704) (1975).

3. Appellant finally contends that the trial court erred in considering hearsay testimony of appellee in its determination. As appellant failed to make timely objection to the testimony in question, this ground of error cannot be considered on appeal. *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 845 (1) (267 SE2d 266) (1980); *Intl. Assn. &c. Local 387 v. Moore,* 149 Ga. App. 431, 434 (7) (254 SE2d 438) (1979).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 1, 1983.

*Roger L. Curry,* for appellant.
*William P. Holley, Jr.,* for appellee.