**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**August 23, 2012**

# In the Court of Appeals of Georgia

A12A0964. IN THE INTEREST OF J. J. et al., children.

MCFADDEN, Judge.

The DeKalb County Department of Family and Children Services filed a complaint alleging that four minor children are deprived because their mother had left them alone without proper parental supervision and failed to enroll them in school. After a hearing, the juvenile court dismissed the complaint, finding that there was not probable cause to believe the children are deprived. A child advocate filed this appeal on the children's behalf, claiming that the juvenile court abused its discretion in dismissing the complaint. Because there is some evidence to support the findings in the juvenile court's dismissal order, we find no abuse of discretion and affirm.

1. The appellants do not contest the dismissal of the complaint as to the allegations of inadequate supervision. Instead they claim that the juvenile court erred

in dismissing the complaint, because there were reasonable grounds to believe that the mother neglected to educate the children. However, "[o]nce the juvenile court determines that reasonable grounds do or do not exist, the function of the appellate court is limited to ascertaining whether there was some evidence to support the juvenile court's determination. Determinations of a juvenile court made on an exercise of discretion, if based upon evidence, will not be controlled by this court." (Citation and punctuation omitted.) *In the Interest of J. F.*, 310 Ga. App. 807, 809-810 (2) (714 SE2d 399) (2011). Contrary to the appellants' claim, there is some evidence to support the juvenile court's determination. As the juvenile court noted in its order, a foster care case manager testified that the children are enrolled in school and that any alleged issues regarding school have been solved. The state must present evidence of present deprivation, not past or potential future deprivation. *In the Interest of S. D.*, ___ Ga. App. ___ (2) (Case No. A12A0245, decided May 31, 2012). "Based on the evidence, the juvenile court acted within its discretion in finding that there were no reasonable grounds to find [educational deprivation], and thus, in dismissing the deprivation complaint." *In the Interest of J. F.*, supra at 810 (2).

2. The appellants contend that the juvenile court erred in stating at the hearing that it could not find probable cause based solely on the hearsay evidence presented.

2

However, the juvenile court's oral pronouncement was not reduced to writing. Rather, the final written order of dismissal recounted the testimony of the foster care case manager and noted the mother's agreement to comply with a safety plan for the children, without specifically precluding a finding of probable cause based solely on hearsay evidence. "And what the judge orally declares is no judgment until the same has been reduced to writing and entered as such." (Citation and punctuation omitted.) *Hipster, Inc. v. Augusta Mall Partnership*, 291 Ga. App. 273, 277 (3) (661 SE2d 652) (2008). Indeed, a trial court's oral pronouncements are not binding because, while they may provide insight on the intent of the subsequent written judgment, any discrepancy between the written judgment and oral pronouncements is resolved in favor of the written judgment. *Blair v. Bishop*, 290 Ga. App. 721, 725 (2) (660 SE2d 35) (2008); *In the Interest of L. H.*, 242 Ga. App. 659, 660 (2) (530 SE2d 753) (2000).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*