**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**January 23, 2014**

# In the Court of Appeals of Georgia

A13A2209. CANNELLA v. GRAHAM.

McFADDEN, Judge.

Angelina Cannella appeals the grant of a directed verdict to Leon Graham on Cannella's petition for modification of custody, visitation, child support and contempt. Because the trial court's written order reflects that the trial court applied the wrong standard, we must vacate and remand.

Cannella and Graham are the parents of a daughter born in August 2008. Cannella and Graham never married, but Graham legitimated the child in September 2011. As part of the legitimation proceedings, on December 21, 2011, the trial court awarded the parties joint legal custody and awarded primary physical custody to Cannella and visitation to Graham.

On November 9, 2012, Cannella filed the instant action, seeking sole legal custody of the child and that Graham's visitation with the child be supervised or eliminated. The trial court conducted a hearing, and after Cannella completed the presentation of her evidence, granted Graham's motion for a directed verdict. Cannella then filed this appeal.

"Visitation rights of non-custodial parents are subject to review and modification upon the motion of either parent every two years without the necessity of showing a material change in circumstances." *In the Interest of R.E.W.*, 220 Ga. App. 861, 862 (471 SE2d 6) (1996) (citations omitted). OCGA § 19-9-3 (b) provides

> [i]n any case in which a judgment awarding the custody of a child has been entered, on the motion of any party or on the motion of the judge, that portion of the judgment effecting visitation rights between the parties and their child or parenting time may be subject to review and modification or alteration without the necessity of any showing of a change in any material conditions and circumstances of either party or the child, provided that the review and modification or alteration shall not be had more often than once in each two-year period following the date of entry of the judgment.

"The standard to be applied in deciding visitation rights is the best interests of the child." *In the Interest of R.E.W.*, supra, 220 Ga. App. at 862.

2

Because Cannella's petition for modification was apparently the only modification petition filed within two years following the date of entry of the initial judgment awarding visitation, she was not required to show a material change in circumstances. However, the trial court's order denying Cannella's petition and granting Graham's directed verdict motion states that Cannella failed "to show a substantial change of condition affecting the minor child which would justify a modification of custody." The order does not mention the child's best interest. The order therefore reflects that the trial court applied the wrong standard.

It is true that the trial court orally announced at the hearing that it would not "be in the child's best interest to terminate visitation with her father and [found] that [Cannella had] failed to show a substantial change of condition that would affect the welfare of this child." But "a trial court's oral pronouncements are not binding because, while they may provide insight on the intent of the subsequent written judgment, any discrepancy between the written judgment and oral pronouncements is resolved in favor of the written judgment." *In the Interest of J. J.*, 317 Ga. App. 462, 463 (2) (731 SE2d 766) (2012) (citations omitted).

Because the written order reflects the application of the wrong standard, the order must be vacated and this case remanded for a determination under the proper

3

standard. See *In re R.L.L.*, 258 Ga. 628 (373 SE2d 363) (1988) (because it was "unclear, from the trial court's order, which of the two standards was relied on" in awarding custody, case was remanded for a determination under the proper standard).

*Judgment vacated and case remanded. Doyle, P. J., and Boggs, J., concur.*