**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 21, 2018**

# In the Court of Appeals of Georgia

A17A1547. EDLER v. HEDDEN.

BETHEL, Judge.

Robert Scott Edler appeals from the trial court's order granting his eldest daughter's request to live with her mother, Lisa Hedden. He argues the trial court misinterpreted OCGA § 19-9-3 (a) (5) by allowing the eldest daughter, E. E., to make the request less than two years after she had first requested to live with him. We agree and reverse.

The record shows that Edler and Hedden divorced in February 2012 and that Hedden was awarded primary physical custody of their children, including E. E. Three years later, in December 2015, the final divorce order was modified so that E. E. could reside with her father. However, in March 2016, Hedden filed a petition for change of custody indicating that E. E., aged 15, had signed an affidavit electing to

return to the physical custody of her mother. The trial court granted the request, noting that E. E. had made her second election within two years of the prior election, and that her request was therefore valid under OCGA § 19-9-3 (a) (5). This appeal followed.

At the outset, we note that "the standard of review for a question of law on appeal is de novo. And when a question of law is at issue, as here, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." *Georgia Transmission Corp. v. Worley*, 312 Ga. App. 855, 856 (720 SE2d 305) (2011) (footnote omitted). With these guiding principles in mind, we will now address the substance of Edler's argument.

Edler argues that the trial court erred in its interpretation of OCGA § 19-9-3 (a) (5) by permitting E. E. to make a second election of where she preferred to live because less than two years had passed since her first election. We agree.

OCGA § 19-9-3 (a) (5) provides that a child who has reached the age of 14 has "the right to select the parent with whom he or she desires to live. The child's selection for purposes of custody shall be presumptive unless the parent so selected is determined not to be in the best interests of the child." "Without a finding of unfitness the child's selection must be recognized and the court has no discretion to

2

act otherwise." *Harbin v. Harbin*, 238 Ga. 109, 110 (230 SE2d 889) (1976) (per curiam). The statute further provides that the child's "selection may only be made once within a period of two years from the date of the previous selection and the best interests of the child standard shall apply." OCGA § 19-9-3 (a) (5). The trial judge has "a wide latitude and discretion" in determining the best interests of the child. *Pritchett v. Pritchett*, 219 Ga. 635, 636 (135 SE2d 417) (1964).

"The cardinal rule of statutory interpretation is to ascertain the legislature's purpose in enacting a statute and then construe the statute to effect that purpose, avoiding interpretations that do not square with common sense and sound reasoning." *Ins. Dept. of State of Ga. v. St. Paul Fire & Cas. Ins. Co.*, 253 Ga. App. 551, 552 (559 SE2d 754) (2002) (footnotes and punctuation omitted). "Language in one part of the statute must be interpreted in light of the legislature's intent as found in the whole statute. But if the statutory language is plain and unequivocal, then judicial construction is not only unnecessary but forbidden." *Id.* (footnotes and punctuation omitted).

The issue before us in this appeal is the proper interpretation of OCGA § 19-9-3 (a) (5), and specifically, the provision of that statutory section that provides that a

child's "selection may only be made once within a period of two years from the date of the previous selection[.]" Hedden argues that this Court should interpret this statutory section to mean that after a child has chosen which parent he or she wants to live with, the child may make a different selection once within the two years following the date of the child's original selection. And at first glance, this argument seems meritorious. However, such an interpretation would effectively render the statute meaningless because it would result in an unlimited selection cycle. More specifically, each selection by the child would become the "previous selection" as soon as the child changed his or her mind, thus restarting the running of the two year period that would now be without effect or meaning under this reading of the statute.

"A statute must be construed to give sensible and intelligent effect to all its provisions and to refrain from any interpretation which renders any part of the statute meaningless." *Handel v. Powell*, 284 Ga. 550, 554 (670 SE2d 62) (2008) (citation and punctuation omitted). Here, so as to give effect to all parts of the statute, the most logical interpretation of OCGA § 19-9-3 (a) (5) is that the legislature intended for the child's selection to be effective for two years from the date of his or her previous

selection.[1] As for E. E., because she originally chose to live with her father in December 2015, she could not change her mind for two years following that date — December 2017. *See* OCGA § 19-9-3 (a) (5).[2] Heden's March 2016 motion, to the extent it was based on the preference of the child as contemplated in OCGA § 9-9-3 (a) (5), should have been denied as premature.

*Judgment reversed. McFadden, P. J., concurs. Branch, J., concurs in judgment only.**

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2.**

---

[1] This Court's opinion in *Cannella v. Graham*, 325 Ga. App. 596 (754 SE2d 385) (2014), cited by Hedden, is of no effect because OCGA § 19-9-3 (b) contains language that differs significantly from the statutory section at issue in this case — that is, absent a change in material conditions or circumstances, OCGA § 19-9-3 (b) allows a party seeking a custody modification to do so once in each two-year period following the "entry of judgment," which refers to the original judgment, and which is a fixed point in time.

[2] We note, however, that a judge is not restricted from changing the custody arrangement for a child where there is a change in material conditions or circumstances of the parties or child. *See* OCGA § 19-9-3 (b).

5